JAMES WINEBREMER, Appellant, v. FRANK EBERHARDT, Respondent.

### Kansas City Court of Appeals, May 17, 1909.

1. **CONTRACTS: Labor: Compensation: Member of Family: Instruction.**   The issue presented was whether plaintiff, a boy, was taken by the defendants as a member of the family or as a laborer for wages.   An instruction was given that plaintiff should obtain a verdict unless he was to live as a member of the family without wages.   *Held*: the instruction should have omitted the term "without wages," and have substituted the words, "as a member of the family receiving his board, clothing," etc.

2. ————: ————: ————: **Parent and Child: Intention: Instruction.**   Whether a minor was to work receiving wages for his labor, or to live as a member of the family does not depend upon his intention, but the intention of his parents, and the jury should be so told.

3. ————: ————: ————: ————: **Parties.**   Suggestions are made as to the confusion presented by the record, in regard to who are the proper parties, plaintiff and defendant, with further suggestions that a definite theory should be adopted on which to try the cases.

Appeal from Moniteau Circuit Court.—*Hon. William H. Martin,* Judge.

AFFIRMED.

*Moore & Williams* for appellant.

(1)   The first reason given by the trial court, that the court erred in giving the second instruction for

plaintiff is not well founded. Taken in connection with instruction "A" for defendants the instructions presented the case to the jury in a more favorable light than defendants were entitled to. (2) The second reason of the trial court for sustaining the motion for a new trial "because the court erred in refusing instructions which submitted to the jury the question of intention to pay and expectation to receive" is so palpably wrong that it requires no authorities to refute it. Low v. Sinklear, 27 Mo. 308; Baker v. Kennett, 54 Mo. 82; Skinner v. Young, 166 Mo. App. 615; Ridgeway v. Herbert, 150 Mo. 617, and citations. No question is raised as to plaintiff's right to sue. (3) It has been held "in numberless cases that a promise is presumed, from the acceptance of beneficial labor, unless the relationship of the parties concerned forbids the presumption." The law implies a promise to pay for labor performed. Sprague v. Sea, 152 Mo. 327; Fitzpatrick v. Dooley, 112 Mo. App. 165. The last four years plaintiff worked for the Eberhardts he did a man's work and earned a man's wages.

*C. M. Gordon, L. F. Wood* and *John Cosgrove* for respondent.

(1) The trial court did not err in granting defendants a new trial. The evidence showed conclusively that plaintiff did not expect compensation, nor did the defendants expect to pay him anything, outside of his board, clothing, maintenance, etc., and being treated as a member of the family. The plaintiff remained at the Eberhardt home voluntarily with no expectation at the time of the rendition of the services that he would be compensated. "Under such circumstances no obligation either legal or moral is incurred." 15 Am. and Eng. Ency. Law (2 Ed.), p. 1079; Folger v. Heidel, 60 Mo. 284; Kinner v. Eschirpe, 54 Mo. App. 575; Lippam v. Tittman, 31 Mo. App. 69. (2) The demurrer to the evi-

dence offered by defendants should have been sustained. Bennet v. Stephens, 8 Ore. 444; Ryan v. Lynch, 9 Mo. App. 18; Morrow v. Dowell, 116 Mo. App. 289; Guenther v. Biskicht, 22 Mo. 459; Cowell v. Roberts, 79 Mo. 221; Bittrick v. Gilmore, 53 Mo. App. 53.    (3) The father of the plaintiff, if the plaintiff were working for wages was entitled to such wages as he might earn during his minority.    21 Am. and Eng. Ency. Law (2 Ed.), 1039; Dunn v. Altman, 50 Mo. App. 231.

ELLISON, J.—This action is based on an implied contract to pay for work and labor charged to have been rendered by plaintiff while a minor, to the defendants. The verdict in the trial court was for the plaintiff and defendants' motion for a new trial being afterwards sustained, plaintiff appealed from that order.

Connected with the case, in greater or less degree, are the defendants Frank and Elizabeth Eberhardt, mother and son, as well as Nicholas Eberhardt, Elizabeth's husband and Frank's father, and also a daughter Annie, who was made a joint defendant but afterwards dropped out.

It appears that defendant Frank was for a period of some four years superintendent of the "poorfarm" in Moniteau county, and that defendant Elizabeth, his mother, resided with her husband on a farm in that county owned by her. Plaintiff with his father and mother were inmates of the "poorfarm" while Frank was superintendent. When the latter's term expired he took plaintiff, then a lad thirteen years old, to the home of his father and his mother, where he performed various kinds of labor on the farm usually done by persons of his age, until he became twenty-one years old. There was evidence tending to show that excepting eighteen dollars, expenses attending the St. Louis Fair, he never received any money for his labor, but that he did receive his board, clothing and some schooling. There was evi-

dence in behalf of defendants that plaintiff was taken as a member of the family to be cared for until his majority without compensation other than board, clothing and schooling, all with the consent of his father.

The principal question was whether plaintiff lived with defendants, especially defendant Elizabeth, as a member of the family without expectation or intention on the part of his father that he should receive other compensation than is given to the child of a family and without expectation on defendants' parts to render any other compensation.

The trial court assigned reasons for granting the new trial; among them was one that error was committed in giving over defendants' objection instruction No. 2 for the plaintiff, wherein it was declared that plaintiff should obtain a verdict unless the jury believed that he "lived as a member of defendants' family, without wages, with the knowledge and consent of his father" as defined in another instruction. Under the evidence as applied to this instruction it was misleading and liable to confuse. It is true the other instruction referred to submitted whether plaintiff was merely to receive his board, clothing, etc. The instruction should have omitted the term "without wages," and have substituted the words, as a member of the family receiving his board, clothing, etc.

But passing that by, the court was manifestly justified in granting the new trial for error in refusing instructions offered by defendants on the question of the intention of plaintiff's father as to the payment of wages, and of the intention of defendants to pay them. Several of these were faulty in submitting whether it was the intention of plaintiff to charge. His intention, as a child, was not an issue. The question was as to his father's intention. But there were several instructions offered and refused which did not have this fault.

The proper question is whether defendants took plaintiff when a child to raise him as a member of their

family without expectation by them of paying for his services, or of his father that he should be paid, except that incidental compensation which comes from caring and providing for him as a member of a family is provided for. [Fitzpatrick v. Dooley, 112 Mo. App. 165.]

There is much said in the case as to whether defendant Frank alone took the boy; or whether he and his mother (defendant Elizabeth) took him jointly, or whether Nicholas, the father, was the head of the family and received his services. If the defendants Frank and his mother Elizabeth did not act jointly they should not be sued as jointly undertaking. If Nicholas, defendant Frank's father and defendant Elizabeth's husband, was the head of the family and received plaintiff's labor (notwithstanding Elizabeth held title to the farm), then neither Frank nor Elizabeth is liable. If there was an express agreement with the daughter Annie and she was agent for the defendants, then action should have been on such agreement, or if on *quantum meruit* with that agreement as a basis, it should so appear. If Annie was not authorized to make the promise then it should not be permitted to enter into the case. And finally, unless there is something to show that plaintiff's father consented that plaintiff should receive the proceeds of his labor, they would belong to his father and plaintiff cannot recover. In the present state of the record the case stands before us in much confusion. Some definite theory should be adopted and the case should then be tried along the lines decided upon.

The order granting the new trial is affirmed. All concur.

## ON MOTION FOR REHEARING.

PER CURIAM.—If plaintiff was emancipated by his father, it is not stated in the pleadings nor was such hypothesis submitted to the jury. Matters of evidence

are stated in the petition which, in connection with other facts or circumstances, would tend to prove the father had emancipated him, but there is no proper allegation to that effect. Emancipation of the child is not presumed (Singer v. Railroad, 119 Mo. App. 112) and unless it is properly brought into the case and issues tried thereon, it must be assumed the father was entitled to the proceeds of his labor.

The motion for rehearing should be overruled.