JOHN SOLDANELS, Respondent, v. THE MISSOURI PACIFIC RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, December 6, 1886.

1. NEGLIGENCE—HIRING OF MINOR—RULE CONCERNING.—The general rule of law is that a person hires a minor at his peril. It is his duty to ascertain the legal *status* of the child, and if he neglects to do so, the fault, as well as the consequences, is his own. Wood on Master and Servant, sect. 14.

2. —— PARENT AND CHILD—WHAT CONSTITUTES EMANCIPATION. The consent of a parent that his minor child may work and receive pay for himself, is but a license, revocable at will, as between him and the child. It is only when the implied emancipation has been acted upon by some third party, dealing with the child in good faith, that the parent will be estopped to assert his customary right against such third person. Schouler Dom. Rel., sect. 267.

3. PRACTICE—INSTRUCTIONS—COMMON ERROR.—A party cannot complain of error in instructions which he adopted in his own.

APPEAL from Cass Circuit Court, HON. NOAH M. GIVAN, Judge.

*Affirmed.*

Statement of case by the court.

This is an action by the parent, John Soldanels, to recover damages for the loss of the services of his minor child, consequent upon injuries sustained while in the employ of the defendant, a railroad corporation, in switching trains in its yard at Pleasant Hill.

The substantive allegations of the petition are, that Joseph M., a minor son of plaintiff, aged about sixteen years, was employed by the defendant in the dangerous and hazardous work of coupling and uncoupling cars in its said yards in the night time. It is alleged that this employment of said minor was made by defendant against the express wishes of plaintiff, made known to

defendant prior thereto ; that the boy was not qualified for the performance of such hazardous duty so as to properly protect himself; that on the eighteenth day of October, 1883, while attempting to make a coupling of two freight cars in said yard his right hand was caught between the draw heads, and so injured as to necessitate the amputation of the thumb and some fingers, permanently disabling him in the use of said hand.

The answer, after tendering the general issue, alleged that plaintiff's said son had been in defendant's employ as brakeman on its road for a long period of the time anterior to this accident, and was familiar with such work, and that any injury he may have sustained, at the time in question, was attributable to his own want of care, or that of his fellow servants.

The plaintiff's evidence tended to show that his son was employed, on or about the first day of October, 1883, in the work of coupling and uncoupling cars in the defendant's yard at Pleasant Hill; that this employment was made by one Martin in charge of said yards for defendant, with power to so employ and discharge such hands. The evidence also tended to show that some time prior to this employment the plaintiff had told the said Martin he did not wish his son to work on the said railroad, and that he wished him to attend school; that it was from one to three months prior to the injury he told Martin not "to hire him."

The injury occurred on the eighteenth day of October, 1883. The testimony tended to show that about ten o'clock of that night the boy went between two freight cars and attempted to make a coupling. Owing to the hole in the first draw head being worn too large the pin was obstructed so that it did not go through, and on the second attempt, the car colliding with another car standing out of its customary place on the track, the pin failed to get through, and the boy's hand was caught and lacerated. The boy did not discover this defect of

the hole in the draw head until he made the effort to insert the pin the first time.

The defendant's evidence tended to show that this boy, in 1882, had run on one of defendant's trains as "a peanut boy," and in 1883 had been in defendant's employ as brakeman on one of its branch roads, but had been discharged by the agent of defendant, having charge of such matters, on the ground that he was a minor. This was prior to the time of plaintiff's notice to Martin. The boy boarded during all this time with his father, who kept a hotel in Pleasant Hill, and received his own wages. The evidence does not show, however, that he received any pay between the first day of October, 1883, when employed by Martin, and the day of the accident in question.

The plaintiff testified that he did not know his son was working on the railroad, that he supposed he was attending school at the time of the injury, while defendant's testimony disclosed circumstances which might reasonably have warranted the jury in finding that the plaintiff, at least prior to the last employment of his son, knew he was working on defendant's road.

The jury returned a verdict in favor of plaintiff, assessing his damages at $450. Defendant prosecutes this appeal.

Thomas J. Portis and Adams & Bowles, for the appellant.

I. The plaintiff's testimony shows that he had practically emancipated his son. And it is not true that plaintiff told defendant's agent that his son was ignorant of the dangers of the service. The son was an experienced railroad man and familiar with such duties.

II. The right to recover is bottomed on the alleged wrongful act of defendant in hiring the plaintiff's minor son and imposing hazardous duties upon him. The case, as made by the pleadings and proof, is based upon the theory that the simple fact of hiring the son and putting

him to work at a place and business in which his father did not wish him to labor, was, of itself, such negligence of defendant as would entitle plaintiff to a verdict. But the son was guilty of gross negligence, after he had discovered the defect in the draw head, and the court should have so declared, as matter of law (there being no conflict in the evidence), and sustained defendant's demurrer to the evidence.

III. The court erred in giving instructions for the plaintiff, and in refusing instructions asked for defendant. Defendant's demurrer to the evidence and motion in arrest should have been sustained. *Railroad v. Miller*, 51 Texas, 374; *Curran v. Merch. Co.*, 130 Mass. 374; *Railroad v. Harney*, 28 Ind. 28; *Gaitland v. Railroad*, 67 Ill. 498.

A. COMINGO, with WHITSETT & JARROTT, for the respondent.

I. The instructions as a whole, and interpreted by the light of the record, are a correct exposition of the law of the case, and defendant's motion for a new trial and in arrest were properly overruled. And plaintiff's and defendant's instructions, relating to the measure of damages, are consistent with each other, and are correct. *McGonigle v. Dougherty*, 71 Mo. 265; *Davis v. Brown*, 67 Mo. 313; *Smith v. Calligan*, 74 Mo. 389; *Noble v. Blount*, 77 Mo. 241. Defendant's instructions, which were refused, are not warranted by anything appearing from the record, and were properly refused. *Bank v. Murdock*, 62 Mo. 73; *Fulkerson v. Thornton*, 68 Mo. 469.

II. Defendant cannot shield itself from liability on the ground of contributory negligence of the son. Furthermore, the jury found that he was not chargeable with that character of negligence. Even if he had, his negligence could not be imputed to plaintiff, who had not consented to his employment by defendant. *Fort v. Railroad*, 2 Dillon, 259. The Texas cases do not apply to the case at bar.

III. The cases cited by defendant support, or are in harmony with, the foregoing propositions.

PHILIPS, P. J.—I. Defendant insists that its demurrer to the evidence should have been sustained. We hold otherwise.

The answer, in effect, admits the employment by defendant of the plaintiff's son. The evidence is uncontradicted that he was a minor at the time. Martin, who made the contract of employment, must have known of this fact. The boy had only a short time prior to this last employment been discharged from defendant's service because he was a minor. Plaintiff had notified Martin of his wish that the boy should not go on the railroad, that he wished him to go to school. Martin, having charge of the railroad yard, with power to employ and discharge employes therein, is to be regarded, in this action, as a vice principal. *Moore v. Railroad*, 85 Mo. 588. Martin was not even put on the witness stand to contradict any of these statements.

The general rule of law is, that a person hires a minor at his peril. "It is his duty to ascertain the legal status of the child, and if he neglects to do so, the fault, as well as the consequence, is his own." Wood on Master and Servant, section 14.

The plaintiff's evidence, if credited by the jury, was that he did not know his son was at work in the yard at the time of the accident, that he supposed he was attending school. And even if he had known for the short period, or a part of it, intervening between the first and eighteenth days of October, that the boy was at work there, in view of plaintiff's express wishes, made known to the very agent who employed the boy, we discover no affirmative act of the plaintiff which would create any estoppel against his right to maintain an action for any loss, recognized by the law, resulting from this contumacious act of the agent of defendant. Nor can we accede to the proposition insisted on by

counsel, that plaintiff had practically emancipated his son, and, therefore; as the action is to be viewed practically, as one *per quod servitium amisit*, the plaintiff ought not to recover.

Waiving any discussion as to whether the facts and circumstances in evidence touching the employment of the minor on the railroad prior to October, 1883, justified the inference of an implied emancipation, we can discover no proper foundation for such position at the time of the employment in question.

The consent of a parent that his minor child may work and receive pay for himself or herself is but a license, an indulgence from the parent, revocable at will by the parent as between him and the child. It is only where the implied emancipation has been acted upon by some third party dealing with the child, in good faith, that the parent will be estopped to assert his customary right against such third person. Schouler Dom. Rel., sect. 267 ; *Everett v. Sherpy*, 1 Iowa, 356.

Knowing as Martin did the father's wishes, in connection with the fact that the boy had been discharged from defendant's employ on account of his minority, he had no right to rely upon an implied emancipation predicated upon anterior occurrences. He took the boy at his peril, and the legal effect of defendant's conduct is little distinguishable, on principle, from that of one who harbors knowingly an absconding child. Taking the minor under such circumstances, and putting him to a hazardous work, the defendant should be held, in favor of the non-assenting parent, to the strictest accountability for all the consequences, resulting in loss of the services of the minor to the parent, following directly from such employment. The plaintiff could have recovered the value of the service of the boy from defendant, although it had previously paid the boy under its contract with him. Wood Master and Servant, sect. 14.

It should logically follow that when, as a result of such hazardous employment against the known wishes

of the father, he is deprived of the permanent, or partial, services of his child during the remainder of his minority, he ought to be compensated therefor by the wrongdoer. In such action I much question whether the want of due care and judgment on the part of the minor, such as would preclude him from recovering for the personal injury, should apply against the parent.

The parent's loss would not have occurred but for the wrong of defendant in putting the boy, against his express wish, to such dangerous service. The case of *Frost v. Union Pacific Railroad* (2 Dillon, 258), gives strong color to this suggestion. It did not appear in that case, as it does in this, that the minor was taken into defendant's employ against the wish of the parent. Yet, inasmuch as the minor was put upon extra hazardous work by defendant's agent, it was held to take the case out of the operation of the rule that exempts the employer from liability to one servant for the negligence of a fellow servant in the same common service.

The defendant in the case at bar, however, had, under the instructions of the court, the full benefit of the proposition that the plaintiff could not recover if the minor in making the coupling was guilty of contributory negligence ; and, further, that he took upon himself the risks incident to his employment.

II.   If there was any departure, as suggested by appellant, in the instructions of the court, from the issues tendered in the pleadings, the defendant adopted the error in its instructions asked and given, and had the benefit of a questionable proposition of law.

Taken as a whole the instructions are not so inconsistent as to constitute reversible error. They quite favorably presented the law for defendant. The amount of the verdict is not unreasonable.

The judgment of the circuit court is affirmed. All concur.