## Allen Cook, Appellant, v. J. E. Fogarty.

**Collision with Bicycle:** NEGLIGENCE: *Evidence.* The failure of a driver approaching a bicycler to turn to the right, is *prima facie* negligence on his part, under Code 1873, section 1000, requiring persons meeting each other on the public highway to give one-half of the same by turning to the right, and rendering all persons failing to observe such requirement liable for damages resulting therefrom.

SAME. In an action for injuries from a collision on a public road at night, between plaintiff, while riding a bicycle, and a buggy driven by defendant in an opposite direction, it appeared that a man on a wheel could be seen readily only a short distance, and that plaintiff had no light or bell. Plaintiff testified that he was dressed in light-colored clothes Defendant testified that he ought to have seen a man so dressed thirty yards or more, but did not see or hear him until the collision occurred, and that he was watching the road ahead. Defendant's companion also stated that he was watching, but did not see plaintiff until the accident. Plaintiff saw defendant and his horse one hundred and fifty yards distant, and began to slacken his speed. He testified that he helloed to defendant when he was fifty feet distant, and again a moment later. Defendant did not heed the warning. Plaintiff turned to the right side of the road, and, a moment before he was struck, threw himself from his wheel, but not in time to avoid the collision. *Held,* that the jury was authorized to find that defendant had overcome the presumption of his negligence arising from his failure to turn to the right, and give plaintiff half of the road, as required by Code 1873, section 1000.

CONTRIBUTORY NEGLIGENCE. One who rides a bicycle without a light or other signal of warning, in a public thoroughfare, where he is liable to meet moving vehicles or pedestrians, at a time when objects cannot be discerned readily except at a short distance, is guilty of contributory negligence precluding recovery for injuries received in a collision with a horse and wagon being driven in an opposite direction.

**Instruction:** HARMLESS ERROR. Plaintiff was not prejudiced by refusal to permit him to testify that he expected defendants to turn out of the road when they met, where he testified that he did not know that defendants would turn out, and the court charged that it was defendant's duty to give plaintiff a share of the road if the approach of the latter was seen or should have been known; especially as plaintiff's testimony showed that, for some moments

before the accident, he must have known that he was not seen and that defendant would not turn out for him.

SAME    Plaintiff had no cause for complaint because the court charged
7   that the failure to carry a light or to ring a bell is not conclusive proof that the plaintiff was guilty of contributory negligence, but that those facts should be considered in reaching a conclusion.

SAME.   Where the court charged that plaintiff and defendant pos-
8   sessed equal rights to the highway when they met, and that whether either was negligent should be determined by all the facts of the case, and did not charge that defendant was not under obligation to carry a light, the rights and obligations of plaintiff were fairly presented, and it was not error to refuse to charge that "plaintiff was not obliged to carry a lamp or bell any more than was defendant."

Jury Panel: SUMMONS. When a case was called for trial, ten men were drawn from the regular panel, and, no others being present,
2   plaintiff asked that the jury be completed by calling talesmen, but the court continued the cause until the next day, when the jury was completed from the regular panel. *Held*, that there was no violation of law, or abuse of discretion, in what was done.

CONSTITUTIONAL LAW. Acts Twenty-fifth General Assembly, chap-
1   70, section 4, providing that in preparing the lists and ballots containing the names of persons who are to constitute the jury list, "the name of each alternate juror on the list from cities and towns where the courts are held shall be deposited in a box to be known as the talesmen box and not the first box," is held not shown to be unconstitutional.

*Appeal from Greene District Court.*—HON. Z. A. CHURCH, Judge.

TUESDAY, OCTOBER 26, 1897

ACTION at law to recover for damages to the person, clothing, and bicycle of the plaintiff, alleged to have been caused by negligence of the defendant. There was a trial by jury, a verdict for the defendant, and judgment in his favor for costs. The plaintiff appeals. —*Affirmed.*

*J. A. Gallaher* for appellant.

No argument for appellee.

ROBINSON, J.—In the evening of August 20, 1895, the plaintiff was riding a bicycle from Grand Junction westward towards Jefferson, on a public highway, and when midway between the two towns met the defendant, who was in a buggy drawn by one horse, and was driving from Jefferson to Grand Junction. At the moment of meeting, a collision occurred between the plaintiff and the horse of the defendant and a shaft of his buggy, which caused the damages for which the plaintiff seeks to recover. The plaintiff claims that he called to the defendant as they were about to meet, and finally dismounted from his wheel, and stood with it by the roadside; but that, in consequence of the negligent and careless driving of defendant, his horse jumped to the side of the road, and into the wheel, destroying it, and causing a buggy shaft to strike the plaintiff in the breast, thereby knocking him down, and bruising him and tearing his clothes. The defendant admits the collision, but denies all negligence on his part, and alleges that he exercised due care; that the accident occurred in the night time, when it was so dark that a man approaching on a bicycle without a light or signal of any kind could not be readily seen; and that the defendant did not see or know of the plaintiff's approach until the collison occurred. The defendant further avers that the plaintiff traveled without a signal light, and was negligent in not carrying a light or in some manner warning the defendant of his approach, or in not turning out of the highway to avoid the horse and buggy.

I.    The appellant contends that chapter 70 of the Acts of the Twenty-fifth General Assembly, under which the jury was drawn, is unconstitutional, because it is provided in section 4 thereof that in preparing the lists and ballots containing the names of persons who are to constitute the jury list "the name of each alternate juror on the list from cities and

towns where the courts are held shall be deposited in a box to be known as the talesman box and not in the first box." It is said this provison violates both the constitution of the United States and of this state, but the part violated is not pointed out. In the absence of a more satisfactory argument on this point, we deem it sufficient to say that the appellant has failed to satisfy us that the act in question is unconstitutional.

The appellant also complains of the manner in which the jury was drawn, as in violation of the act specified. When this case was called for trial, ten men were drawn from the regular panel, and, no others being present, the plaintiff asked that the jury be completed by calling talesmen, but the court refused the request, and continued the cause until the next day, when the jury was completed from the regular panel. We do not think any violation of law or abuse of discretion in what was done is shown.

II. The evidence authorized the jury to find the facts to be substantially as follows: At the time of the accident it was so dark that a man on a wheel could not have been seen readily further than a short distance. The defendant states that he ought to have seen a man dressed in light-colored clothing a distance of thirty yards or more, and the plaintiff states that he wore such clothing at the time of the accident. But he was not seen by the defendant until the collision had occurred. The plaintiff saw the defendant and his horse, which was gray or white in color, one hundred and fifty yards before meeting them, and began to slacken his speed. He says he hallooed to the defendant and a companion who was riding with him when they were fifty feet distant, and again a moment later. The defendant did not heed nor hear the warning, but continued to drive his horse in the traveled road, although the sides were level, and he could have turned

out easily. The plaintiff turned to the north side of the road, and a moment before he was struck threw himself from his wheel, but not in time to avoid the collision. Section 1000 of the Code of 1873 is as follows: "Persons meeting each other on the public highways shall give one-half of the same by turning to the right. All persons failing to observe the provisions of this section shall be liable to pay all damages resulting therefrom. * * *" The plaintiff was entitled to use the public highway with his wheel, and was entitled to one-half of it when he met persons going in an opposite direction. He turned to the right as he approached the defendant, as the law provides, and the fact that the latter did not is *prima facie* evidence of negligence on his part. *Riepe v. Elting*, 89 Iowa, 83. The appellant contends that the presumption authorized by law has not been overcome, and that the testimony of the defendant shows conclusively that, if he had been giving proper attention to his horse and the road, the accident would not have occurred. But we think the jury was authorized to find that the presumption of negligence on the part of the defendant was overcome. The fact that it would have been possible for him to discover the approach of the plaintiff in time to turn to the right does not show that he was negligent in not doing so. The defendant states that at the time of the accident he was watching his horse and the road in advance for the purpose of seeing any one who might be on the road, but that he was not expecting to meet any one, and did not see or hear the plaintiff until the accident occurred. The defendant's companion also states that he was watching the road in advance of the horse, but did not see the plaintiff until the moment of the accident. In view of this evidence the jury was justified in finding that the defendant used due care to ascertain the approach of persons on the highway. Until he

knew, or with reasonable care could have known, that the plaintiff was approaching, it was not his duty to turn out for him, and he was not negligent in keeping in the traveled way.

III.   The plaintiff would not necessarily have been entitled to recover had the defendant failed to discover him in time to avoid the accident, through inattention to his duties as driver.  Contributory negligence on the part of the plaintiff would prevent a recovery.  He contends that there was no evidence whatever that he was guilty of such negligence; but, if the testimony for the defendant was entitled to credit, we think the plaintiff must have been negligent. He says he saw the defendant when he was distant one hundred and fifty yards.  The defendant was driving at a rate of five or six miles an hour, and the plaintiff was going as fast, and probably faster.  If that rate of speed had been continued, they would have met in about thirty seconds from the time the plaintiff saw the defendant. The plaintiff says he slackened his speed, and, if he did so, the collision may not have occurred until nearly a minute after the plaintiff was first made aware of the defendant's approach. The plaintiff must have known that he was making little, if any noise; that he did not carry a light or other means of attracting attention at a distance; and that his approach might not be discovered.   True, the law of this state did not make it his duty to carry a light, to sound a bell, or to give other signal of his movements, and the same was true of the defendant. But a horse and buggy traveling five miles an hour are apt to make some noise, and, with the occupants of the buggy, are more readily seen, even in the night time, than is a single pedestrian or bicycle rider.  These are matters of common knowledge; and a person who rides a bicycle without a light or signal of warning, in a public thoroughfare, where he is liable to meet moving

vehicles or pedestrians, at a time when objects can be discerned readily at a distance of but a few feet, is guilty of negligence. That appears to be what the plaintiff did. He does not claim to have called to the defendant until within fifty feet of him, or but two or three seconds at most before the collision occurred, and probably too late for the defendant to avoid it if he had heard the warning. The plaintiff had no reason to think that he was seen. In fact, he states that the occupants of the buggy did not seem to hear him. We do not think the jury could well have found that the plaintiff was not negligent.

IV. The appellant complains of the refusal of the court to permit him to testify that he expected the defendant to turn out of the road when they met. We do not think prejudice could have resulted from that ruling. The court charged the jury that it was the duty of the defendant to give the plaintiff a share of the road if the approach of the latter was seen, or should have been known; and the plaintiff states that he did not know that the defendant would not turn out. Moreover, we think the testimony of the plaintiff shows that for some moments before the accident occurred he must have known that he was not seen and that the defendant would not turn out for him.

V. The eighteenth paragraph of the charge is as follows: "In the matter of carrying a light or the failure to carry a light, the matter of ringing a bell or not ringing a bell, you are instructed that the failure to carry a light or failure to ring a bell is not conclusive proof that plaintiff was guilty of contributory negligence; but these facts, like the other evidence in the case, should be taken into consideration by you in reaching your conclusion regarding the circumstances and surroundings of the accident." The appellant complains of this as instructing the jury, in effect, that the plaintiff would be guilty of negligence

in not carrying a light or ringing a bell, and would be excusable for failure to do so only under unusual circumstances. It was evidently designed to meet the claim made by the defendant in his answer and in the evidence, and no doubt in argument, that the plaintiff should not recover because of his negligence in not carrying a light or sounding a bell, and to that extent the paragraph was in the interest of the plaintiff. A light and a bell are well-known means by which wheelmen give notice of their presence. We think that the plaintiff was negligent in not giving a signal of his approach, and that he has no just ground for complaining of the part of the charge quoted.

VI. The appellant complains of the refusal of the court to charge the jury that "plaintiff was not obliged to carry a lamp or bell, any more than was the defendant." The court did not charge the jury that the defendant was not under obligation to carry a light, but said that the plaintiff and the defendant possessed equal rights to the highway when they met, and that whether either was negligent should be determined by all the facts of the case. We think the rights and obligations of the plaintiff were fairly presented to the jury, and that there was no occasion to give the instruction under consideration, which was refused.

VII. Many other questions are referred to by the appellant, and a few are discussed in argument. What we have said disposes of the most important of them. We need not say more in regard to them than that we do not find any sufficient reason for disturbing the judgment of the district court. A motion was submitted with the case to strike an additional abstract from the files, and to tax the cost thereof to the appellee. We do not find that the motion is well founded, and it is overruled. The judgment of the district court is AFFIRMED.