ANDREW SINGER, Respondent, v. ST. LOUIS, KANSAS CITY & COLORADO RAILROAD CO., Appellant.

Kansas City Court of Appeals, June 18, 1906.

1. MASTER AND SERVANT: Assumption of Risk: Knowledge of Servant: Jury Question.  Under the evidence, held that the question of assumption of risk by the servant was a question for the jury and as such properly submitted.

2. PARENT AND CHILD: Loss of Services: Emancipation: Pleading.  In an action by the father for the loss of services of his minor son, emancipation which is never presumed is a matter of avoidance and must be plead and proved.

Appeal from Miller Circuit Court.—*Hon. W. H. Martin,* Judge.

AFFIRMED.

*W. F. Evans, A. H. Bolte* and *Frank P. Sebree* for appellant.

The court committed error in refusing to give the defendant's demurrer to the evidence. First: Because the plaintiff assumed the risk of danger to himself and son riding on the car. Lee v. Railroad, 112 Mo. App. 372; Nugent v. Milling Co., 131 Mo. 245; Mathis v. Stock Yards Co., 185 Mo. 434; Kleine v. Clothing Co., 91 Mo. App. 102; Cothron v. Packing Co., 98 Mo. App. 343; 2 Thompson on Neg., 1008. Second: Because the plaintiff's son was emancipated and plaintiff was not entitled to recover for the loss of his time. Dunn v. Railway, 21 Mo. App. 188; Mathews v. Railway, 26 Mo. App. 75; Mauerman v. Railway, 41 Mo. App. 343; Schmitz v. Railway, 46 Mo. App. 380; Scammell v. Railway, 103 Mo. App. 504; Ream v. Walkins, 27 Mo. 516; Dierker v. Walkins, 54 Mo. 246; Zongker v. Mercantile Co., 110 Mo. App. 382; McMorrow v. Dowell — Mo. App. —, 90 S. W. 728; Arnold v. Norton, 25 Conn. 92; Wolf v. Railway, 88 Ga. 210; In Re Dunavant, 96 Fed. 547, 548, 549; Baker v. Railroad, 91 Mich. 298, 30 Am. St. 471; Bell v. Bumpus, 63 Mich. 375; Donegan v. Davis, 66 Ala. 362; Taylor v. Welsh, 92 Hun 272; Baker v. Baker, 41 Vt. 55; McCarty v. Railroad, 148 Mass. 550; Schouler, Domestic Relations, sec. 267; Browne, Domestic Relations, pp. 79, 85; Tyler on Infancy, p. 200; Rogers on Domestic Relations, sec. 485.

*W. S. Pope* for respondent.

(1) The evidence of defendant's foreman, Joseph Bailey, and assistant foreman, clearly establishes negligence and want of proper regard for safety of employees and when read in connection with other evidence in the case, not only justified but required submission to the jury. Curtis v. McNair, 173 Mo. 270; Franklin v. Railway, 97 Mo. App. 482; Hemman v. Coal and Coke

Co., 156 Mo. 243; Kane v. Falk Co., 93 Mo. App. 215; Covell v. Railroad, 82 Mo. App. 183; Caldwell v. Railway, 90 Mo. App. 31; Gerbert v. Shoe Co., 90 Mo. App. 305; Lee v. Railroad, 112 Mo. App. 372; Ross v. Railway, 113 Mo. App. 600; Young v. Railroad, 113 Mo. App. 636; Fields v. Railway, 113 Mo. App. 642; Waddell v. Railroad, 113 Mo. App. 680; Kennedy v. Railroad, 190 Mo. 424. The foregoing cases not only sustain the court in submitting but authorized the verdict. (2) There is no evidence upon which to base the emancipation plea. It was not pleaded by defendant or referred to in the instruction. There is nothing in the record to justify it. The evidence shows that plaintiff's son had always lived with him, worked for him and was a member of his family. Defendant did not ask to have any such question submitted to the jury. It is too late to raise that question here. The petition makes proper averments in regard to the loss of services. Hennesey v. Brewing Co., 145 Mo. 104. Cases cited by appellant in brief strengthen respondent's position. (3) Other cases bearing upon the questions to be determined in this case are as follows: Minnier v. Railway, 167 Mo. 99; Mason v. Mining Co., 82 Mo. App. 367; Rogers v. Printing Co., 103 Mo. App. 683; Linder v. Transit Co., 103 Mo. App. 574; Hanheide v. Transit Co., 104 Mo. App. 323; Fowler v. Randall, 99 Mo. App. 411; Moore v. Railway, 176 Mo. 528; Degel v. Transit Co., 101 Mo. App. 56; Devore v. Railway, 86 Mo. App. 429; Nash v. Dowling, 93 Mo. App. 156; Lorer v. Mfg. Co., 166 Mo. 608; Zellars v. Mo. U. & L. Co., 92 Mo. App. 107.

ELLISON, J.—Plaintiff brought this action against defendant charging that he and his minor son received personal injuries by falling from a defective handcar while in the employ of defendant. The jury found against plaintiff as to any injury or damage to himself, but found for him on account of injury to, and consequent loss of services of his son.

We regard the judgment in the trial court as manifestly for the right party and the amount of the verdict as reasonable. The instructions for the plaintiff were without fault and all asked by the defendant were given except its demurrer to the evidence.

It is contended, however, that the evidence shows that plaintiff's son knew of the condition of the handcar and of the risk of danger in riding thereon. We do not regard that the evidence makes a case of assumption of risk in such way as to justify the court in so declaring as a matter of law. The most that can be said is that it was a question for the jury and, as such, it was duly submitted in the instructions asked by defendant and given by the court.

It is argued that the minor son was emancipated by the plaintiff and that therefore plaintiff was not entitled to his earnings; or at least that it was a question whether he was so emancipated and that it should have been submitted to the jury. But the petition alleges that the young man was the plaintiff's minor son and that by reason of his injury the plaintiff had lost his services. The defendant does not plead that the son was emancipated. To make the emancipation of a minor child an issue in an action for loss of service, as is here brought, it devolved upon the defendant to plead the emancipation. It was matter in avoidance of plaintiff's right of action. Emancipation of the child is never presumed. If relied upon by a defendant, he must prove it. [Rodgers' Dom. Rel., sec. 485; Schouler's Dom. Rel., sec. 267a; Sumner v. Sebec, 3 Greenl. 223; Clay v. Shirley, 65 N. H. 644.] Necessarily, if a defendant relies upon emancipation to defeat the parent's claim, he must allege it. We, in effect, so ruled in Zongker v. Mercantile Co., 110 Mo. App. 389.

An examination of the entire record shows no reason for interference and the judgment will be affirmed. All concur.