CHARLES GIBBS, by his next friend, DAVID W. HILL, Respondent, v. POPLAR BLUFF LIGHT AND POWER COMPANY, Appellant.

Springfield Court of Appeals, February 28, 1910.

1. NEGLIGENCE: Personal Injuries: Injury From Falling Objects: Sufficiency of Evidence Showing Negligence. Plaintiff was injured by a reflector or shade from an arc light falling and striking his forehead. There was testimony to the effect that while plaintiff was near the pole to which this arc light was fastened, one of the employes of the defendant, with knowledge of the position of plaintiff and that the reflector was loose, climbed the pole while the wind was blowing hard, and with knowledge that the climbing of the pole would increase the shaking of the lamp and the danger of the reflector falling. The reflector was shaken loose and lodged between two side bars; the employee gave no warning but continued to climb up to catch it; before he reached it, the reflector fell; the employee hallooed: "lookout," the plaintiff looked up and was struck. *Held*, that plaintiff was entitled to go to the jury on the allegations in his petition alleging negligence in the defendant and its servants in carelessly and insecurely hanging the reflector, and negligence in causing the reflector to fall.

2. ———: ———: ———: Res Ipsa Loquitur. Where a reflector from a street arc light fell and injured plaintiff, a bystander, and there was no evidence of the cause of its falling, a natural inference arose that it fell by some negligence or omission of duty on the part of the owner and, though there was evidence that the reflector had been properly hung, the question of negligence was still one for the jury.

3. PERSONAL INJURIES: Damages: Recovery for Medical Services: Pleading. Where plaintiff alleges in his petition that he had expended sums for medical services, then he is not entitled to recover for services contracted for but not paid. On the other hand, where he does not allege that the sums have been expended, but alleges only that liability has been incurred therefor, then he can show the amount of his liability.

4. ———: ———: ———: Minors: Necessaries. In a suit by an infant for damages on account of personal injuries, the amount expended or contracted for medical services on account of the injury is a proper element of damage, and it is no de-

fense to say that the plaintiff was a minor and not liable for the medical services. Such services are under the head of necessaries for which the infant is liable.

5. ————: ————: Minors: Recovery for Loss of Time. In a suit for an infant for damages for personal injuries it is shown that his father was dead, his mother had remarried, and that for over two years he had been making his own living and had not been living at home. *Held,* sufficient to have justified the jury in finding that the plaintiff, though a minor, was entitled to recover for his services.

6. PRACTICE: Remarks of Counsel. Counsel, in addressing the jury, have no right to argue the law of the case·otherwise than it is found in the instructions of the court, but it is not every statement outside of the instructions or the record that justifies an appellate court to reverse the decision. If the case is a close one, or if there is anything in the verdict to indicate that the verdict, or any part of it, was based upon the improper argument, then the trial court should interfere and grant a new trial, and if that court fails to perform its duty, then the appellate court should interfere.

7. PERSONAL INJURIES: Damages: Verdict not Excessive. Where a boy eighteen years of age received a wound across his forehead which left a permanent scar and disfigurement, *held* that a verdict of $700 was not excessive.

8. ————: ————: Contributory Negligence: Instructions. An instruction submitting the defense of contributory negligence examined and *held,* not subject to the objection that it confined the jury to defendant's evidence alone on the question, and exempted from their consideration the evidence of plaintiff covering the same matter.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

AFFIRMED.

*Ernest A. Green* for appellant.

(1)   There was no evidence of any negligence on part of the defendant, and even if there had been, plaintiff's own negligence caused the injury. McGrath v. Transit Co., 197 Mo. 97; 1 Thompson on Negligence, sec. 1246, p. 1112; Gallagher v. Illuminating Co., 72 Mo.

App. 576; Gannon v. Light Co., 145 Mo. 502; Oglesby v. Railroad, 177 Mo. 272; Fuchs v. St. Louis, 167 Mo. 620; Trigg v. Land & L. Co., 187 Mo. 227; Bennett v. Himmelberger, 117 Mo. App. 58; Kappes v. Shoe Company, 116 Mo. App. 154; Purcell v. Shoe Company, 187 Mo. 276. (2) The court erred in admitting, over the objection of defendant's counsel, proof of medical expense which had not been paid; and also in admitting evidence as to loss of time and earnings; the plaintiff being a minor and not entitled to recover therefor. Howard v. Railroad, 110 Mo. App. 574; Butler v. Railroad, 117 Mo. App. 354; Morris v. Railroad, 144 Mo. 500; Muth v. Railroad, 87 Mo. App. 422; Dooley v. Railroad, 45 Mo. App. 308. (3) Plaintiff's instruction number two does not correctly declare the law as applied to the facts of this case. Where plaintiff's own evidence shows a plain case of contributory negligence, the plaintiff is not entitled to recover in the absence of any showing by the defendant. Chaney v. Railroad, 176 Mo. 598; Sack v. Car Co., 112 Mo. App. 476; Cook v. Railroad, 94 Mo. App. 417. (4) The court erred in not properly reprimanding plaintiff's counsel for his improper argument before the jury. Dean v. Chandler, 44 Mo. App. 338; Rice v. Sally, 176 Mo. 107; Leu v. Transit Co., 106 Mo. App. 329; McDonald v. Cash, 45 Mo. App. 66; Killoren v. Dunn, 68 Mo. App. 212; Marble v. Walters, 19 Mo. App. 134; Smith v. Telegraph Co., 55 Mo. App. 626; Olfermann v. Railroad, 125 Mo. 408.

*David W. Hill* for respondent.

(1) "The thing speaks for itself." If the reflector had been properly secured and handled with due care by defendant's employee, on top of the light pole, at the time it fell, it would not have fallen. Gallagher v. Illuminating Co., 72 Mo. App. 576; Blanton v. Dold, 109 Mo. 74; Mauerman v. Siemerts, 71 Mo. 101; Shuler v. Railroad, 87 Mo. App. 618; Johnson v. Railway, 104 Mo. App. 592; Salisbury v. Herschenroder, 106 Mass. 58;

Gray v. Light Co., 114 Mass. 149; L. Wolff Man. Co. v. Wilson, 152 Ill. 9; Hogan v. Railroad, 26 N. Y. Supp. 792; Railway v. Hopkins, 54 Ark. 209; Clarke v. Light Co., 16 R. I. 463; Quill v. Telegraph Co., 92 Hun (N. Y.) 539; Dehring v. Comstock, 78 Mich. 153; Morris v. Strobel, 81 Hun (N. Y.) 1; Swanson v. Light Co., 113 Mich. 603; 1 Thompson on Neg., secs. 1214-1218, pp. 1088-1091; Construction Co. v. Howell, 189 Ill. 123; Copithorne v. Hardy, 173 Mass. 400; Mayer v. Liebmann, 44 N. Y. Supp. 1067; Shoemaker v. Lumber Co., 27 Wash. 637; Thomas v. Ross, 75 Fed. 552; Construction Co. v. Hansen, 69 Ill. App. 659. (2) Plaintiff's petition appropriately alleges that the plaintiff had incurred a doctor's bill of fifteen dollars, and therefore proof of such was proper. Robertson v. Railway, 152 Mo. 390; Muth v. Railroad, 87 Mo. App. 433. (3) Plaintiff was eighteen years old at the time he was injured; his father was dead; his mother was remarried, with whom he had not lived for two years and she had permitted him to draw his own wages and proof of loss of time was proper. Dierker, to use v. Hess, 54 Mo. 246; Zongker v. Mercantile Co., 110 Mo. App. 382; McMorrow v. Dowell, 116 Mo. App. 307.

GRAY, J.—This is an action commenced in the circuit court of Butler county, to recover damages for personal injuries alleged to have been sustained by plaintiff, by reason of the alleged negligence of the defendant in causing the reflector over one of its arc lights to fall and strike the plaintiff.

On November 20, 1908, plaintiff, who was at said time eighteen years of age, was injured on Main street, in the city of Poplar Bluff, by reason of the fact that a metallic reflector dropped from an electric arc light, striking him on the forehead and cutting a gash about two inches in length across the forehead from the left brow to the right side. His father was dead and his mother had remarried, and the boy had been permitted

to take care of himself and receive the fruits of his labor for about two years previous to the accident. The physicians testified that the disfigurement on the forehead was permanent. David W. Hill was appointed as the next friend, and this suit was instituted for $2000 damages. The trial resulted in a verdict for the plaintiff in the sum of $700, and defendant has appealed.

The defendant at the time alleged, was a corporation engaged in the operation of an electric light plant, and furnishing electric current in the city of Poplar Bluff, for lighting purposes. The evidence shows that the arc light was maintained near the station of the St. Louis, Iron Mountain and Southern Railway Company, and was for the purpose of lighting the station, and it was between the tracks, but in one of the streets of the city. The plaintiff, at the time of the injury, and just prior thereto, was sitting on a speeder that was by the post over which the light was suspended. While he was sitting there, an employee of the defendant came and climbed the post. The plaintiff testified that as this employee commenced to climb the pole, he got up and started to move, and when he got something like about six feet from the post, the reflector fell and struck him.

There were other witnesses who corroborated the plaintiff's testimony. The most reliable testimony concerning the situation, and the cause of the reflector to fall, was given by the testimony of Luther West, an employee of the defendant, and we quote the following from his testimony: "I went to climb up the pole and there was a shade—heavy—on the light; and the wind was blowing mighty hard; and the shade had shook loose; and when I was climbing the pole, of course, that shakes the pole more; and the shade fell and lodged between the two side bars; and when I was on about two steps—I had bolts in the pole to climb, and I made a step to get up to it and catch it, and before I could catch it, it fell out; and I hollered 'look out,' and this

young fellow looked up, and it hit him in the face when it came down."

Upon the testimony of this witness, and under the allegations of the petition, the plaintiff was entitled to go to the jury. The allegation of negligence in the petition is as follows:

"The defendant, its agents, servants and employees, carelessly and negligently insecurely hung said reflector above said light, and by the carelessness and negligence of the defendant, its servants and employees, on or about the 29th day of November, 1908, the said reflector was caused to fall from the top of said pole and to strike on the face and forehead of the plaintiff."

The instruction in behalf of the plaintiff, submits the issue in the language of the petition. The said employee of the defendant testified that the wind had shaken the shade loose, and on account thereof, and on account of his climbing the pole, the shade fell and lodged, and with this knowledge, and without giving any warning to the plaintiff, who he knew was sitting below, he attempted to climb to the shade and to catch it, but before he could do so, it fell, and then he gave the plaintiff the warning.

It is true there was other evidence in behalf of the defendant that the shade had been properly hung, but this was a question for the jury. [Bank v. Hammond, 124 Mo. App. 177, 101 S. W. 677.] When the plaintiff showed that the lamp was in the street and that the shade fell upon him and there was no evidence as to the cause of its falling, a natural inference arose that it fell by some neglect or omission of duty on the part of the owner. [Gallagher v. Illuminating Co., 72 Mo. App. 576; Blanton v. Dold, 109 Mo. l. c. 74, 18 S. W. 1149.]

The plaintiff having made out his *prima facie* case, the demurrer, at the close of his evidence, was properly overruled. In behalf of the defendant, as above stated, the testimony shows that with knowledge of the position of the boy, and that the shade was loose, the employee

of the defendant climbed the pole, and knowing that his climbing would shake the lamp and increase the danger of it falling, and that even after it had fallen and lodged and was liable to fall again, he gave no warning to the plaintiff, but continued to climb the pole. Under these circumstances, it cannot be said as a matter of law, that the plaintiff had not proven the allegation of his petition that the servant of the defendant negligently caused the reflector to fall.

The court permitted the plaintiff to prove that he had incurred a doctor's bill of $6 in treating his injuries. The defendant objected to this testimony on the ground that he had not paid the bill. The petition does not allege he had paid for these services, but only alleged that he had incurred the same. The testimony was proper. [Muth v. Railroad, 87 Mo. App. 422.]

We understand the rule to be that if the plaintiff alleges in his petition that he has expended sums for medical purposes, then he is not entitled to recover for services contracted for, but not paid. On the other hand, where he does not allege that the sums have been expended, but liability only incurred, then he can show the amount of the liability. [Nelson v. Railroad, 113 Mo. App. 659, 88 S. W. 1119; Muth v. Railroad, 87 Mo. 422.]

It is claimed in this court, however, that the parents are liable for the doctor's bill, and the plaintiff being a minor, is not liable therefor. The services were for necessaries rendered the infant, and therefore, the infant was liable therefor. [Paul v. Smith, 41 Mo. App. 275; Goodman v. Alexander, 165 N. Y. 289.] It was not necessary, to recover for these services, to allege that there were no persons upon whom the law placed the responsibility therefor. At the common law in an action to recover against an infant for necessaries, the declaration was required to contain allegations as in an action for debt. If the defendant by his plea set up infancy as a defense, plaintiff in his replication alleged

that the articles were necessaries. The practice of the common law governed in this state, down to the time of the adoption of the Code, and the general understanding has been, that the Code was not intended to exact a more formal complaint than was required at common law, but instead to abolish the forms and technicalities of that practice. [Goodman v. Alexander, 165 N. Y. 289.]

The court did not permit the plaintiff to recover for loss of time. It is true, when he was asked by his counsel as to how much time he had lost, the court overruled an objection thereto, but when it was sought to prove the value of this time, the defendant objected to the form of the question. This objection was sustained, and there the matter ended.

The court did not submit the question in the instructions to the jury. If the proper proof had been made, then under the facts, the plaintiff would have been entitled to recover the loss of his earnings. The evidence showed his father was dead, and that he had not been living at home for over two years; his mother had remarried, and there is abundant testimony which would have justified the jury in finding that plaintiff was entitled to recover for his services. [Zongker v. Mercantile Co., 110 Mo. App. 382, 86 S. W. 486.]

We are asked to reverse the judgment, because the testimony shows that the plaintiff was guilty of contributory negligence. The instructions given on behalf of the defendant, were skillfully prepared and submitted this issue favorable to the defendant. Whether the plaintiff was guilty of contributory negligence in sitting under the lamp when he had no knowledge of its unsafe condition, and notwithstanding he knew that a servant was climbing the pole for the purpose of doing something with the lamp, was a question for the jury.

It is also claimed that plaintiff is not entitled to recover for any future suffering or injury. The doctors testified that the scar on the boy's forehead was perma-

nent, and that the disfigurement would always remain. The instruction reads: "If you find the issues in this cause for the plaintiff you should assess his damages at such sum as you may believe from all the evidence, will be a fair compensation to him for any pain of body or mind, and for any permanent physical disfigurement, if any, which you may believe from the evidence the plaintiff has sustained, or will hereafter sustain, by reason of his said injuries."

It is doubtful whether the instruction submits anything concerning the fact, except the permanent disfigurement. But if it does, the boy testified at the trial that the scar was still paining him, and that it took spells of itching pretty often.

During the argument of the case before the jury, the plaintiff's counsel said: "If you fix the amount of plaintiff's damages at too low a sum, the court can't raise it." To this statement the defendant's counsel objected. Whereupon the court said: "Yes, sir, gentlemen (to the jury), you have a right to fix the verdict." Counsel in addressing the jury have no right to argue the law of the case otherwise than as it is found in the instructions of the court. But in every case, attorneys are liable to make statements in the heat of argument, which are in violation of this rule, but it is not every statement of this kind that justifies an appellate court in reversing the judgment. If the case is a close one, or if there is anything in the verdict to indicate that the verdict, or any part of it, was based upon the improper argument, then the trial court should interfere and grant a new trial, and if that court fails to perform its duty, then it is the duty of this court to interfere. Under the facts of this case, however, the question of the right of the plaintiff to recover is not a doubtful one, and there is nothing in the verdict to indicate that any portion of it is due to this statement. The evidence shows that the boy received a wound across his forehead which will remain with him as long

as he lives. No one can say that a disfigurement of this kind, upon the face of a boy eighteen years of age, has not damaged him in the sum of $700, the amount of the recovery in this case. The case was carefully tried by both parties and the defendant did not overlook a single thing beneficial to his client's side of the case, and therefore, the defendant has had its full day in court and the plaintiff is entitled to the judgment he has obtained, and it will be affirmed. All concur.

## ON MOTION FOR REHEARING.

GRAY, J.—Appellant has filed a motion for rehearing, and it is claimed that the opinion of the court is in conflict with the case of Cook v. Railroad, 94 Mo. App. 417, 68 S. W. 230. In that case the following instruction was given: " 'Contributory negligence is a defense pleaded by the defendant and must be proven by the defendant by the greater weight of all the credible evidence in the case, and unless you believe the defendant has shown by such,' etc., then defendant has failed to support its defense."

The objection made to the instruction by Judge SMITH, of the Kansas City Court of Appeals, was, that a jury might believe that on the issue of contributory negligence the testimony of the plaintiff himself should not be considered. The case was not reversed for that reason, and it was not necessary, to a full consideration of that case, for the court to have said what it did about that instruction.

The instruction in this case is as follows: "The court instructs the jury that with respect to the allegations of contributory negligence set up in defendant's answer, the burden of proof rests upon the defendant, that is, the defendant must prove to your satisfaction by a preponderance of evidence that the plaintiff did not exercise ordinary care for his own protection."

The instruction does not limit the proof on this issue to come from the defendant alone and his witnesses, as was the case in the opinion above referred to, but is more like an approved instruction in Burkard v. Rope Co., 217 Mo. 473, 117 S. W. 35, as follows: "The court instructs the jury that defendant must show by the greater weight of the evidence that plaintiff has been guilty of contributory negligence in order to prevent his recovery on that ground."

If the Kansas City Court of Appeals had reversed the Cook case on account of giving the instruction cited, we would hesitate to follow its decisions, as we do not believe an instruction, even in that language, would mislead the average juror.

All the evidence in the case being considered, it is doubtful if the court would not have been justified in refusing to submit the issue of contributory negligence to the jury. The lamp in controversy was hanging over a public highway, and we do not believe a person is guilty of contributory negligence that remains under a lamp suspended as this one was, even though a servant of the company is climbing the pole from which the lamp is suspended, to trim the same.

The motion for rehearing will be overruled. All concur.