# RODERICK McCLELLAN v. LOUIS F. DOW COMPANY.[1]

May 26, 1911.

Nos. 17,030—(104.)

**Emancipation of child — defense to action by parent.**

In an action by a father for the loss of the services of his minor son, caused by the alleged negligence of defendant, the defense that the son had been by the father emancipated, and his right to the services of the son thus surrendered, and that a former recovery by the father, in an action brought on behalf of the son, is a bar to the right of the father to recover in his own behalf, constitutes new matter, and should be affirmatively pleaded by defendant.

**Verdict sustained by evidence.**

Verdict *held* sustained by the evidence.

[1] Reported in 131 N. W. 485.

Action in the district court for Ramsey county to recover $2,540 damages for loss of services of plaintiff's minor son caused by injuries sustained through defendant's alleged negligence. The answer alleged the minor's contributory negligence. The former appeal is reported in 104 Minn. 527. The case was tried before Brill, J., and a jury which returned a verdict of $400 in favor of plaintiff. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*C. D. & R. D. O'Brien,* for appellant.

*John W. Willis* and *Emil W. Helmes,* for respondent.

BROWN, J.

Action to recover for the loss of services of plaintiff's minor son, caused, as plaintiff alleges, by an injury to the son happening through the negligence of defendant. Plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment or a new trial.

The assignments of error present two questions: (1) Whether the court below erred in denying defendant's motion for a directed verdict; and (2) whether there was error in the refusal of one of defendant's requested instructions to the jury. Our examination of the record leads to an affirmance. The question whether the evidence is sufficient to show negligence on the part of the defendant is not raised, and we do not consider it.

Defendant's main contentions are that the evidence is insufficient to justify a recovery of damages of any amount, for the reason that plaintiff had emancipated his son, and that a former recovery by the plaintiff, in an action brought on behalf of the son, is a bar to the present action. Neither of these points can be sustained. Plaintiff's son was injured by the negligence of defendant and incapacitated for work, and for the loss thus sustained plaintiff may recover. The jury awarded $400. Whether this is excessive is not raised by the record.

The questions whether plaintiff had emancipated his son, thus

barring a right of recovery, and whether the former action on behalf of the son is a bar to the present action by the father in his own right, were not issues by the pleadings, and the trial court properly excluded them from the consideration of the jury. To have been available to defendant on the trial, both asserted facts should have been pleaded.

Order affirmed.