CARL A. BEEBE, RESPONDENT, v. KANSAS CITY, MISSOURI, APPELLANT.*

Kansas City Court of Appeals. March 4, 1929.

*Walter H. Maloney* and *Cowgill & Popham* for respondent.

644

*John T. Barker, Robert J. Ingraham* and *Wm. H. Allen* for appellant.

BARNETT, C.—This is a suit brought by a father for damages to him resulting from personal injuries received by his minor son. The petition alleged that defendant, Kansas City, Missouri, a municipal corporation, negligently permitted a cavity or hole to exist and remain in the surface of Troost avenue, a public thoroughfare in said city; that by reason thereof the street at that point was not safe for ordinary use, and that defendant knew or by the exercise of reasonable care could have known of the existence of said hole or cavity in time to have repaired the same and thereby have prevented the injury to plaintiff's son and the resulting loss to plaintiff; that defendant negligently failed to provide or maintain a street light in the vicinity, and as a result, the son, Russell Theodore Beebe, was unable to see the hole or cavity in the street. It was alleged that plaintiff's son was riding upon a bicycle in the night-time, and that by reason of the hole or cavity in the street, he was caused to fall and suffer injury, which was the direct result of the negligence of defendant; that plaintiff had been put to expenses for physicians, nurses, and hospital fees, and that he had been deprived of the earnings of his son for a long period of time. The answer was a general denial and a plea of contributory negligence, including the allegation that the son was unlawfully employed at a gainful occupation for a period of more than two hours after the hour of seven o'clock P. M., September 6, 1926, in this: he was working at twelve o'clock P. M., September 6, 1926, in violation of the Laws of Missouri 1923, prohibiting employment in certain occupations for a period of more than two hours after seven o'clock in the evening. The reply was a general denial.

The evidence shows that there was a hole in Troost avenue, a public thoroughfare in Kansas City, Missouri, about ten or twelve inches deep; and that there were other holes and cracks in the pavement in that vicinity. A witness for plaintiff testified that this condition had existed from six months to a year. The pavement between the street car tracks was smooth and in good condition. Plaintiff's son was employed at a pharmacy at Fifty-First street and Troost avenue. He worked from six o'clock in the evening on the day that he was injured until a few minutes after twelve o'clock that night. He then started home on his bicycle. There was no light upon his bicycle and the street light nearest the hole was not burning. There was dim light from the street light at Forty-Ninth street, but not sufficient for plaintiff's son to see the hole. The front wheel of his bicycle went into the hole and threw him over

the bicycle and caused a severe injury to his knee. The plaintiff's son testified that he did not know the hole was in the street; but upon cross-examination he admitted that he had traveled over the street two or three times in an automobile and that he knew the street was rough. He also testified that that part of the pavement between the street car tracks was smooth, but he did not state whether he got this information before or after he was injured.

The son had been working at the drug store for a period of eight days when he was injured, for which he had received about eight dollars. He had worked at odd jobs before for which he had received some money. The plaintiff objected to this evidence upon the ground that it had no bearing upon the issues of the case and because under the law the father was entitled to the son's earnings during his minority, but the objections were overruled by the court. The son testified that the money he earned he used himself, and the father testified that he had never received any of the earnings of his son. The evidence showed that the son was fifteen years of age, lived in his father's home; that when he was injured his father contracted for the physicians and nurses' services and contracted the hospital bills; that after the son was able to leave the hospital he was taken back to the father's home, where he was further cared for by the boy's stepmother. On cross-examination defendant's attorney asked the stepmother if she was making a claim for any nursing. She stated that she did not claim anything at all; she was Ted's mother and that she took care of him as a mother. The cause was submitted to the jury upon the theory that defendant had negligently failed to exercise reasonable care to keep the street in a reasonably safe condition but not upon the theory that the city had negligently failed to sufficiently light the street. There was a verdict for plaintiff and defendant has appealed.

Appellant contends that a demurrer to the evidence should have been sustained, not upon the ground that defendant was free from negligence, but upon the ground that the son was guilty of contributory negligence as a matter of law, and that the father was guilty of contributory negligence as a matter of law because he permitted his son to engage in an occupation contrary to the mandates of a statute. It is first claimed that it was contributory negligence as a matter of law for the son to ride upon the street at night without a light upon his bicycle. In Bethel v. City of St. Joseph, 184 Mo. App. 388, 171 S. W. 42, it was held that a municipal corporation is bound to exercise ordinary care to keep its streets in a reasonably safe condition for travel in any general and usual mode, which includes the use of bicycles. In that case this court stated that the hole in the pavement could not be seen and there were no lights to disclose or call attention to the defect. Counsel

for appellant concede that the effect of this decision was to hold that it was a question for the jury whether a municipality was liable for injury received by a cyclist riding upon a public street at night without a headlight, but state that the case was decided in 1914 when the modes of travel were different from the present day modes. We have judicial knowledge that travel by automobile has greatly increased since 1914, but we do not know that there has been any change which lowers the standard which a municipality must observe in exercising care to keep the highways reasonably safe for travel, nor that any general custom has grown up to put lights upon bicycles when they are used at night. He who rides a bicycle is charged with knowledge that he may meet another vehicle upon the road, and he must exercise ordinary care to avoid collision. But he has a right to assume that the municipality has exercised ordinary care to keep its streets reasonably safe for travel in the general and usual mode.

Appellant relies upon the case of Cook v. Fogarty, 39 L. R. A. 488. In that case the Supreme Court of Iowa held that a person who rides a bicycle without a light or other signal of warning upon a public thoroughfare, when he was likely to meet moving vehicles or pedestrians at a time when objects cannot be discerned at a distance of but a few feet, is guilty of negligence. Although this case is not at variance with anything we have said, yet we are not holding that a cyclist could never recover damages if he rode at night without a light, and was injured by another vehicle. That question is not before us.

Appellant also relies upon the following language found in 27 L. R. A. 300:

"It is certainly open to serious doubt whether a cyclist is justified in expecting that he will be provided with a roadway so smooth that he can safely travel over it without a lamp, and in darkness so profound that a defect does not become visible until it is too late for him to take measures for his protection. Even the generality of such a practice in any given locality ought scarcely, it would seem, to negative the inference that, even if the want of a lamp was not contributory negligence upon the part of the cyclist, he must be at least charged with the consequences of an election to take all the risks which he may incur from the want of a light."

This is the mere opinion of the editor. No cases are cited in support of such a doctrine. We reject the reasoning as unsound. Assumption of risk is an expressed or implied term in a contract of employment. The whole case must turn either upon the exercise of due care by the city or contributory negligence upon the part of plaintiff. If the object or defect which causes a cyclist to fall is of such trivial nature as not to indicate that the city failed to exercise due care to keep the street in reasonably safe condition for

travel in the general and usual mode, then the city cannot be held negligent, whether the cyclist saw or failed to see the object, or whether he rode with or without a light. As to contributory negligence, we can only say that a judge must have great confidence in his personal opinion to hold that reasonable minds could not differ upon the proposition that plaintiff failed to act as a reasonably prudent person, when he only did that which is usually and ordinarily done.

Appellant contends that both the father and the son were guilty of negligence *per se* because the son, with his father's consent, engaged in employment for more than two hours after seven o'clock in the evening, contrary to section 3, Laws of Missouri of 1923, pp. 129-30. The violation of a statute, considered as a tort, is negligence *per se*, but it is like any other tort in this; it is immaterial in an action for damages unless it directly contributes to the injury. In this case the violation of the statute was "merely a condition or an attendant circumstance of the injury," which does not bar recovery. [Dugdale v. Joseph Ry., Light, Heat & Power Co., 195 Mo. App. 243, 1. c. 251, 189 S. W. 830, 1. c. 834.]

Plaintiff's instruction No. 1 is attacked upon the ground that (a) "it assumes that said condition in said street existed for a number of days before said date; (b) it assumes that said condition existed long enough prior thereto that defendant knew or by the exercise of ordinary care would have known thereof; (c) it tells the jury that it was the duty of defendant to have repaired the defect as soon as it would have been discovered, thus requiring the city to act immediately after the discovery of the defect." That part of the instruction which is attacked is as follows:

"The court instructs the jury if you believe from the evidence that on September 7, 1926, Troost avenue at the time and place in question was a public street in and of Kansas City, Missouri, and at said time the cement paving thereof was broken and cracked and there was a cavity or hole thereon on the east side thereof between the east car rail and east curbing between Forty-Eighth street and Forty-Ninth street and between 125 and 175 feet north of the Brush Creek bridge, if you so find, and that said broken place or hole, if any, extended along and upon the surface of said street for several feet north and south and east and west and was six to ten inches deep, if you so find, and that by reason thereof said street was dangerous and not reasonably safe for the ordinary use of the public while traveling thereover in the exercise of ordinary care for their own safety, if so, and that said condition in said street existed for a number of days before said date and long enough prior thereto that defendant knew or by the exercise of ordinary care would have known thereof and all the aforesaid facts, if you so find them to

be the facts, before Theodore Russell Beebe was injured, if so, and in time by the exercise of ordinary care to have repaired or remedied said conditions and dangers, if any, before said time and thereby could have prevented him being injured, if so, and that defendant failed to exercise ordinary care so to do and was thereby guilty of negligence, if so, and that on said September 7, 1926, etc.''

The instruction then requires the finding of further essential facts and directs a verdict. It will be noticed that the court instructs the jury if they find and believe from the evidence *that* Troost avenue was a public street *and that* the cement paving was broken and cracked, etc., *and that* said condition had existed for a number of days before said date and long enough prior thereto that defendant knew or by the exercise of ordinary care would have known thereof before Beebe was injured and in time, by the exercise of ordinary care to have repaired or remedied said condition and danger, if any, before said time *and thereby could* have prevented him from being injured, *and that* defendant failed to exercise ordinary care so to do. In our opinion this instruction does not assume any of the essential facts as contended by appellant. It is not necessary that the submission of each fact be preceded with the phrase ''if you find and believe from the evidence.'' By the use of that phrase in the first instance, the court told the jury that all of those issues of fact were submitted for their determination. [Costello v. Kansas City, 280 Mo. 576; Sanker v. Wabash Ry. Co., 267 S. W. 957.]

Appellant contends that the court erred in giving plaintiff's instruction 5 for the reason that plaintiff's own evidence shows that plaintiff had emancipated his son so far as his services and earnings were concerned. Instruction No. 5 told the jury that in determining the amount of plaintiff's damages the jury should take into consideration the fact that the law entitled plaintiff to the services and earnings of the son during the son's minority, and makes him legally responsible for the necessary expenses for his care, and that the jury might take into consideration the disability, if any, to earn money during his minority. It has been held that complete emancipation is a defense to an action of this kind. Complete emancipation is an entire surrender to all the rights to the care, custody and earnings of the child, as well as a renunciation of parental duties; and the test to be applied is that of the preservation or destruction of the parental and filial relations. [Brosius v. Barker, 154 Mo. App. 657.]

On the other hand, the consent of the parent that his minor child may work and receive pay for himself is but a license, revocable at will as between him and the child. It is only when the implied emancipation has been acted upon by some third party,

dealing with the child in good faith, that the parent will be estopped to assert his customary right against such third person. [Soldanels v. Mo. Pac. R. Co., 23 Mo. App. 516.] The burden of proof was upon the defendant to prove complete emancipation. We think that the evidence, viewed in the light most favorable to defendant, merely showed a revocable license. Furthermore, in an action by the father for the loss of services of his minor son, emancipation is a matter of avoidance and must be pleaded. [Singer v. Railroad, 119 Mo. App. 112; McClellan v. Louis F. Dow Co., 114 Minn. 418, 131 N. W. 485.] In the case of Robinson v. Floesch Const. Co., 242 S. W. 421, the St. Louis Court of Appeals held that, in a proceeding to recover for the services of a minor son, it is not necessary to negative emancipation in the petition, as this is a matter of defense. The answer in this case does not plead emancipation.

Appellant claims that the court committed error in giving plaintiff's Instruction No. 4. That instruction told the jury that the burden of proof was upon defendant to establish the defense of contributory negligence by the preponderance of the evidence, that is by the greater weight of the credible evidence, and that unless the jury believed from the evidence that defendant had established said defense by the greater weight of the evidence in the case, then they could not find for defendant upon such issue. The complaint is that in view of the fact that defendant offered no evidence, this instruction was calculated to induce the jury to believe that contributory negligence could only be proved by the defendant's own witnesses instead of by the whole evidence. In support of this contention appellant cites Cook v. Railroad Co., 94 Mo. App. 417, 1. c. 425. In that case Judge SMITH, speaking for this court, said that the giving of such an instruction was of very questionable propriety, because the jury might be led to believe it to be its duty to exclude from its consideration the testimony of the plaintiff himself. The court did not decide that the giving of such an instruction was reversible error. Neither do we so decide now. The Springfield Court of Appeals in the case of Gibbs v. Hill, 142 Mo. App. 19, 1. c. 28-29, has criticized the Cook case and has stated that had this court reversed the Cook case on account of the instruction, the judges of that court would hesitate to follow the decision, as they did not believe that an instruction, even in that language, would mislead the average juror. If defendant was apprehensive that the jury would understand that a finding of contributory negligence must be founded upon the testimony of witnesses offered by defendant, notwithstanding the fact that there were no such witnesses, it should have asked for an explanatory instruction which would have removed the doubt.

Appellant complains that plaintiff's Instruction No. 1, the main instruction which directs a verdict, restricts the issues and is narrower than the pleadings, because it permits a verdict for plaintiff, without requiring the jury to find that the street was insufficiently lighted at the place where the hole in the pavement existed. The petition alleged that defendant was negligent in failing to maintain a street light at the place in question. By Instruction No. 1 plaintiff abandoned this allegation of negligence and submitted his whole case upon the allegation that defendant negligently permitted the hole to remain in the street, after it knew or could have known of the defect in time to have remedied the same before the time of the injury. The doctrine is well settled that plaintiff may allege as many acts of negligence as he pleases, but rely upon one only when the case is submitted to the jury. It is the same as though plaintiff had never alleged more than one act of negligence. The doctrine that the instructions must not restrict the issues only means that the instructions must not ignore essential elements of plaintiff's case, nor essential matters of defense.

Appellant's contention that plaintiff's Instruction No. 1 was bad because it directed a verdict and failed to require the jury to find that notice of the accident was given to the city as provided by section 8904, Revised Statutes 1919, has not a scintilla of merit. Counsel for defendant admitted at the trial that the notice was given.

The judgment is affirmed. *Lee, C.,* concurs.

PER CURIAM:—The foregoing opinion by BARNETT, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.,* absent.