E. F. HAYCRAFT, etc., Appellant, v. DOLLIE
GRIGGSBY et al., Respondents.

**St. Louis Court of Appeals, April 15, 1902.**

1. **Teacher and Pupil:** FORMER ADJUDICATION: VERDICT RE-
   SULT OF PREJUDICE.   The issues were fairly submitted to the
   jury, and its verdict, and judgment rendered thereon must stand,
   as the case was tried in accordance with the former opinion of
   this court.

2. ————: VERDICT: JURY IMPROPERLY INFLUENCED.   We do
   not sustain the contention that the jury was improperly influenced
   in any way; the affidavits filed for that purpose fail to make a
   suitable showing, which needs must be strong for us to interfere·
   with the circuit court's action on that ground.

Appeal  from  Audrain  Circuit  Court.—*Hon.  Elliott  M.*
*Hughes,* Judge.

AFFIRMED.

*D. A. Murphy, George Robertson* and *W. A. Edmonston·*
for appellant.

The verdict of the jury was against the evidence.   The·
evidence shows beyond any and all doubt that the punishment

so inflicted was not only excessive but that it was most cruel and barbarous. The verdict was evidently the result of mistake, sympathy, prejudice, bias or passion on the part of the jury, and in such cases the court will not permit such a verdict and judgment to stand, as the appellate courts in this State have repeatedly set aside verdicts and judgments in like cases. Chitty v. Railroad, 148 Mo. 64; Oglesby v. Railroad, 150 Mo. 137.

*P. H. Cullen* and *W. H. Logan* for respondent.

The entire law of this case was settled on the former appeal. Haycraft v. Griggsby, 88 Mo. App. 354. On that appeal this court declared the law as follows: "The law in regard to a teacher's right to punish a pupil is well settled in this State. The teacher has a right to inflict reasonable punishment for misconduct by whipping, but has no right to inflict unreasonable and excessive corporal punishment in that mode or any other. Nor can punishment in any degree be inflicted maliciously, namely, without just provocation. There is no such thing as reasonable punishment from a malicious motive. It must be administered for a salutary purpose—to maintain the discipline and efficiency of the school." State v. Boyer, 70 Mo. App. 156; State ex rel. v. Randall, 79 Mo. App. 226; Dritt v. Snodgrass, 66 Mo. 286. The instruction of the court fairly and fully presented the law on the subject.

GOODE, J.—This case was before us on a former appeal and the judgment was then reversed and the cause remanded to be retried because of certain erroneous directions to the jury. Haycraft v. Griggsby et al., 88 Mo. App. (St. L.) 354.

We have perused the voluminous printed record sent up on this appeal and find that it was tried a second time on

evidence and instructions not materially different from what were contained in the former record except that the court's instructions were corrected in respect to the faults pointed out in the opinion of this court; so that the issues were fairly submitted to the jury, if we were right in that opinion as, on further consideration, we think we were.

A second verdict having been returned in favor of the defendants we shall overrule the appellant's exception that the finding was so opposed to the evidence as to prove it resulted from undue partiality or prejudice. Neither do we sustain the contention that the jury was approached by persons favorable to the defendants or improperly influenced in any way, as to which assignment of error the affidavits filed by the appellant fail to make a suitable showing; and the showing must needs be strong for us to interfere with the circuit court's action on that ground.

The judgment is affirmed. All concur.