VIRGINIA COOK, A MINOR BY HER NEXT FRIEND, H. E. BARD, RESPONDENT, v. BELLE COOK, APPELLANT.—124 S. W. (2d) 675.

In the Springfield Court of Appeals. February 6, 1939.

*John M. Belisle* and *Ralph Johnson* for appellant.

*Lee E. Crook* and *Waldo P. Johnson* for respondent.

SMITH, J.—The record before us shows that this suit is based upon the following petition, caption and signature omitted:

"Plaintiff states that she is a minor over the age of fourteen years and under the age of twenty-one years and that the Clerk of the Circuit Court on the 2nd day of August, 1937, on her application, appointed H. E. Bard as her next friend for the prosecution of an action for damages against Belle Cook, the above named defendant, the said H. E. Bard having accepted said appointment and consented to act as said next friend.

"Plaintiff states that on the 28th day of July, 1937, at Collins, Missouri, the defendant, Belle Cook, willfully, wantonly and maliciously assaulted the plaintiff, Virginia Cook, and then and there struck plaintiff on and across the shoulders, back, thighs and breasts with a riding whip or quirt; that the defendant so struck and beat plaintiff a number of times; that as a result of such assault and beating plaintiff's shoulders, back, hips, thighs,

breasts and arms were bruised and contused and plaintiff suffered great pain and mental anguish and her nervous system was shocked; that said assault was without cause and was malicious; that on several occasions prior to the 28th day of July, 1937, the defendant had maliciously and without provocation assaulted and beat plaintiff.

"Plaintiff states that by reason of the premises she has suffered actual damages in the amount of One Thousand Dollars and that because said assault was without cause and malicious she is entitled to exemplary or punitive damages.

"WHEREFORE, plaintiff prays judgment against defendant for the sum of One Thousand Dollars actual damages and for the further sum of One Thousand Dollars punitive damages."

To this petition the defendant filed the following demurrer which was by the court overruled:

"Comes now the defendant and demurrers to plaintiff's petition herein for the reason that said petition fails to state a cause of action against this defendant as plaintiff is the Adopted Minor Child of this defendant."

The answer was in the nature of a general denial, after admitting the allegations set out in the first paragraph of the petition.

Trial was had to a jury which resulted in a verdict and judgment of $1000 actual damages against the defendant. Motion for new trial was filed, and was by the court overruled upon condition that plaintiff enter a *remittitur* of $400, which was done. In due time an appeal was had to this court.

The case is submitted to us on the following stipulation, caption and signatures omitted:

"It is hereby stipulated and agreed by and between the parties to the above entitled cause as follows:

"That in the trial of this case there was evidence on the part of the plaintiff, that the defendant, willfully, wantonly and maliciously assaulted the plaintiff, Virginia Cook; that there was evidence on the part of the defendant that said assault was administered by the defendant to the plaintiff as a punishment for disobedience. It is agreed that there was substantial evidence to support the verdict of the Jury, if the adopting parent is liable under such circumstances. It is agreed in the record by both parties that the plaintiff was a legally adopted daughter of the defendant of the age of 15 years, at the time of said assault and at the time of the trial, and was a minor; that the defendant at the close of the plaintiff's evidence offered a Demurrer to the plaintiff's evidence, and asked the court to give an instruction that under the law and the evidence the jury must return a verdict for the defendant. The Court overruled said Demurrer, and refused to give said instruction to which action of the Court the defendant then and there excepted and now excepts. At

the close of the whole case, the defendant again offered a Demurrer to the evidence, which Demurrer the Court overruled and the defendant then and there excepted to the ruling of the court and now excepts, and

"Whereas, it is desired by both parties to shorten the record in this case, and it is agreed that this Stipulation shall be filed in lieu of a Bill of Exceptions, and that the only issue to be briefed and argued on appeal is the question of whether an adopting parent is liable in damages in an action in Tort to a minor adopted child of such person for a willful, wanton and malicious assault administered by such person to such minor child under the pretense of a correction and the trial court's rulings on said question.

"And it is agreed that this Stipulation shall take the place of the Bill of Exceptions in this cause and sufficiently raise said question for the same to be passed upon by the Appellate Court, and that the Appellate Court shall have jurisdiction of the cause for the purpose of passing on said question."

As may be seen the one issue before us is whether or not the parent is liable in damages in an action in tort to a minor child of such person for a willful, wanton and malicious assault administered under the pretense of a correction, and whether the trial court's ruling on said question was correct.

Many cases have been cited from other jurisdictions passing on this or similar questions, but as we read the Missouri cases, it appears that the courts of this State have never squarely passed on the point. The plaintiff relies largely on the case of Dix v. Martin, 171 Mo. App. 266, 157 S. W. 133. As we read that case, it does not pass on the point at issue here. In the Dix case, the defendant was neither a parent nor an adoptive parent of the child she assaulted. The plaintiff lived with the defendant as a sort of servant. The defendant insisted that she occupied the position *in loco parentis* toward the child and was asking relief from punishment because of that position. However the court, in passing upon that question in the opinion, said: "The most that may be said under this evidence in favor of the position of the defendant is that the relation of master and servant existed between her and plaintiff. The rule obtaining in this State is that a master has no authority to chastise his servant, no matter how flagrant his violation of duty may be." It is our conclusion that the Dix case is not any authority sustaining the contention that a minor child may sue its parent in tort in this State.

Another Missouri case cited is that of Haycraft v. Grigsby, et al., 88 Mo. App. 354. We do not find that the question at issue in the instant case, as to the right of a minor child to sue its parent in tort, was presented to the court. The cause was reversed and re-

manded because of errors in instructions, and at another trial the verdict and judgment were in favor of the defendants, as shown by Haycraft v. Grigsby et al., 67 S. W. 965.

We do not find from any of the cases cited sufficient authority to justify us in holding that in Missouri a minor child has a right to sue its parent for damages sounding in tort. It is our conclusion that the trial court erred in refusing to sustain the demurrer when so requested in this case. We shall give briefly our reasons for such a conclusion. There is no statutory provision for such a suit in this State. The common law is in force in this State except where changed by statute. [Sec. 645, R. S. Mo. 1929; Mo. Stat. Anno., page 4894; L. E. Lines Music Co. v. Holt (Mo. Sup.), 60 S. W. (2d) 32.] In 46 C. J., at page 1324, we find this language: ''An unemancipated minor child has no right of action against a parent or a person standing *in loco parentis* for the tort of such parent or person unless a right of action is authorized by statute.''

We find a much quoted case, Mannion v. Mannion (N. J.), 129 Atl. 431, 42 A. L. R. 1363, wherein it was said:

''In any event, the great weight of authority unquestionably sustains the proposition that a minor child cannot sue one of his parents, at least during minority, for the negligent act of such parent from which the child suffers injury to his person. This rule is undoubtedly founded upon a sound public policy, and is based upon the interest that society has in preserving harmony in the domestic relations, an interest which has been manifested since the earliest organization of civil government, an interest inspired by the universally recognized fact that the maintenance of harmonious and proper family relations is conducive to good citizenship, and therefore works to the welfare of the state.''

We find many cases holding similarly to the above, but we find no case where the point has been passed on in this State. Missouri, has ample provisions for criminal punishment for such acts as shown by the agreed stipulation in this case, and we trust that our holding will in no way be construed as countenancing the right of a parent to inflict wanton and malicious punishment. The fact that it is wanton and malicious abrogates all semblances of such punishment being administered for a salutary effect. It is a wise provision that under our system such a person may be punished criminally for such malicious assaults. We are simply holding that the demurrer to the evidence in this case should have been given, and for failure to do so the judgment should be reversed. It is so ordered. *Allen, P. J., and Fulbright, J.,* concur.