George Zozaski, Minor, by Anthony T. Scolaro, His Next Friend, Appellant, v. Mather Stock Car Company and Alonzo C. Mather, Appellees.

Gen. No. 40,907.

Heard in the third division of this court for the first district at the October term, 1939. Opinion filed April 10, 1940.

GALLAGHER, ROSENBERG & RICHTER, of Chicago, for appellant; HAROLD J. ROSENBERG and C. A. CAPLOW, of Chicago, of counsel.

RUDNICK & WOLFE, of Chicago, for appellees.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from a judgment entered in the municipal court in favor of defendants with costs against plaintiff.

Plaintiff, a minor 19 years of age, filed an action in the municipal court of Chicago to recover the sum of $647.98, which had been deducted from his wages by his employer, Mather Stock Car Company, a corpora-

tion, and alleged to have been turned over to the other defendant, Alonzo C. Mather. The defendant corporation alone was served with a summons and only its appearance was entered by counsel. The other defendant, Alonzo C. Mather is not in court.

Plaintiff's second amended statement of claim is substantially as follows:

Count 1 alleges that plaintiff is a minor and that on or about October 25, 1936, he was emancipated because his father relinquished to plaintiff all right, title and interest in plaintiff's earnings and income; also because plaintiff exercised complete control of and had possession of his earnings, paid for his own room and board and bought his own clothes; because his father exercised no control over plaintiff's earnings and contributed nothing to plaintiff's support; that plaintiff was employed by the defendant corporation from October 25, 1936, to and including November 25, 1938, and during that period the defendant corporation deducted the sum of $647.98 from his wages, and accordingly the said defendant became indebted to him in said sum; that said deduction was not made for insurance, sick benefit, or other relief which might inure to plaintiff; that plaintiff made demand on his employer to return said money so deducted, but it refused and vexatiously delayed in payment thereof and plaintiff claims interest on said sum at the rate of 5 per cent from November 25, 1938.

Count 2, among other things, alleges that on or about February 17, 1936, the defendant Alonzo C. Mather demised certain farm lands to plaintiff's father, a copy of which lease is marked Exhibit A; that plaintiff knew of the execution of the lease but did not know its contents; that pursuant to said lease, the defendant corporation wrongfully withheld said money from plaintiff's wages and purportedly turned it over to the defendant Alonzo C. Mather, whereby both defendants became jointly and severally liable.

Said count further alleges that the defendant corporation paid wages directly to plaintiff, never paid any of plaintiff's wages to his father and treated plaintiff as the owner of and entitled to his earnings.

Defendant interposed a motion to strike as to the second amended statement of claim on the ground that no legal cause of action is set up or alleged.

Plaintiff's theory of the case is that the second amended statement of claim sets forth a good cause of action, under which he is entitled to judgment against the defendant corporation in view of its motion to strike.

Defendant's theory is that the second amended statement of claim does not state a good cause of action.

On motion of the defendant, the court dismissed the plaintiff's suit.

The errors relied upon for reversal are as follows:

1. The court erred in sustaining defendant's motion to strike plaintiff's second amended statement of claim.

2. The court erred in dismissing plaintiff's suit and entering judgment for the defendant.

3. The court erred in dismissing plaintiff's suit entirely where no issue was formed as to another defendant upon whom plaintiff had not procured service of process.

One of the first questions presented for our consideration and determination is whether plaintiff's claim states a cause of action. The complaint alleges that he was emancipated; that he had up to that time received his earnings, paid for his board and room and bought his own clothes and that no part of his earnings had been given to his father and that none of his salary had been deducted for insurance, sick benefit or other similar relief. Plaintiff in his pleadings showed he is 19 years old and is a young man in control of his own affairs, the same as an adult.

It further appears that the defendant Mather Stock Car Company treated him as an adult because it paid him part of his wages and deducted the balance, and as our Supreme Court said in the case of *Iroquois Iron Co. v. Industrial Commission,* 294 Ill. 106, at p. 109:

"Whether there has been an emancipation is a question of fact but what is emancipation is a question of law."

In *Panther Creek Mines v. Industrial Commission,* 296 Ill. 565, at p. 567, the court said:

"It has long been the rule in this State that where a son is supporting himself, controlling his own income and is without the control of his parents he is emancipated. . . .

And again in the case of *Auburn & A. Coal Co. v. Industrial Commission,* 296 Ill. 568, the court at p. 569, said: "There is not a word of testimony in this record from which it can be determined that this minor son was emancipated. . . . proof that he has been supporting himself and that his father had not been contributing to his support would be sufficient to show that the son was emancipated and that the father was not under legal obligation to support him."

Plaintiff's claim alleges that he was entirely free, received his own pay, paid his own bills, bought his own clothes, etc., and that his father had not been contributing to his support, but, on the contrary, plaintiff was supporting himself; that he received all his salary, excepting the sum which was retained by the defendant. We believe these allegations, if proven, clearly indicate that plaintiff was emancipated.

We believe the complaint states a cause of action. The cause was not at issue, at least as to Mather, the individual, but the entire suit should not have been dismissed on the motion to strike as it admits all the facts well pleaded.

For the reasons herein given the order of the municipal court dismissing the suit is reversed and the cause

is remanded with directions to vacate the order of dismissal and reinstate said suit and direct that an answer be filed and the cause proceed to trial on its merits.

*Judgment reversed and cause remanded with directions.*

HEBEL and BURKE, JJ., concur.