George Zozaski, Minor, by Anthony T. Scolaro, His Next Friend, Appellee, v. Mather Stock Car Company and Alonzo C. Mather, Appellant.

Gen. No. 41,613.

586

Heard in the third division of this court for the first district at the February term, 1941. Opinion filed January 7, 1942.

RUDNICK & WOLFE, of Chicago, for appellant.

GALLAGHER, ROSENBERG & RICHTER, of Chicago, for appellee; C. A. CAPLOW, of Chicago, of counsel.

REHEARING OPINION.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action for wages brought by the plaintiff, a minor, by his next friend, in the municipal court of Chicago. The defendant Alonzo C. Mather was not served with summons and did not appear. The trial court heard the case without a jury and entered a judgment against the Mather Stock Car Co., a corporation, for $647. The Corporation has appealed.

On February 17, 1936, Mather by his nephew Frank Watkins, leased a farm to plaintiff's father on certain cash terms, but the lease also provided:

"It is also understood as part of this agreement that in event the party of the first part shall give employment at the Chicago Ridge plant of the Mather Stock Car Company at any time during the period of this

lease, to the party of the second part, or any of his family, twenty-five per cent (25%) of the money paid for such employment shall accrue to the party of the first part as additional compensation hereunder.''

In October 1936, plaintiff was employed by the Corporation and continued as an employee until late in November 1938. During that period on each pay day, until October 10, 1938, the Corporation issued two checks drawn in plaintiff's name, one for 75 per cent and one for 25 per cent of his wages, and thereafter until November 23, 1938, the 25 per cent check was drawn to order of Alonzo C. Mather & Co. The superintendent of the Corporation, Charles Andrus, gave the checks each pay day to the plaintiff who retained the 75 per cent check and endorsed and handed back the 25 per cent check. The latter check on each occasion was deposited in the personal account of Alonzo C. Mather. The Corporation used the same method in paying plaintiff's father who was also an employee and who also, because of the terms of the lease, returned 25 per cent of his wages. The delivery, endorsement and return of plaintiff's 25 per cent check generally took place in the presence of his father. There was no objection made to the Corporation of its action, either by the plaintiff or his father, until early in the Fall of 1938, although the plaintiff did complain to his father. The father once asked that his son be given full wages but the request was denied and later the father having meanwhile moved off the farm objected to giving back any part of his own wages. Andrus informed him that neither the father nor the son could expect to remain unless each gave back 25 per cent of his wages. Shortly thereafter the employment of father and son was terminated and plaintiff commenced this suit.

Plaintiff contends in his pleading and proof that he was emancipated when employed by the Corporation; that his father had no right to his wages; that he knew

of the lease, but not its provisions; that the Corporation wrongfully and unlawfully deducted and withheld part of his wages and that both the Corporation and Mather were liable for such wages.

The Corporation claims that it paid plaintiff his wages in full and that the wages sought here were paid by plaintiff's father to Mather through the Corporation as Mather's agent, pursuant to the provisions of the lease; that plaintiff's father was entitled to the wages so paid because of his son's minority; that the plaintiff was not emancipated because the father had impliedly agreed in the lease not to emancipate him, and Mather having acted on such implied agreement it could not be revoked; that estoppel had operated by virtue of the lease to prevent the father from emancipating the plaintiff; and that in any event the Corporation was acting only as Mather's agent and its principal being disclosed and it having paid over the money to its principal's account, it cannot be held liable.

Plaintiff contends that the prior appeal in this case (*Zozaski v. Mather Stock Car Co.*, 304 Ill. App. 459) decided several points cited by defendant and that they should not be considered again. The prior appeal was from a judgment dismissing plaintiff's case after the trial court had sustained defendant's motion to strike plaintiff's second amended statement of claim. That appeal involved only the sufficiency of plaintiff's pleading. This court reversed that judgment and remanded the cause with directions to vacate the order of dismissal and proceed to trial on the merits. The decision of this court then was not a final judgment and it is not *res judicata* of the points presented by the defendant in this appeal. (*Tribune Co. v. Emery Motor Livery Co.*, 338 Ill. 537).

Emancipation of children by their parents was entirely unknown at common law, but in the United States the doctrine has been applied with some liberality. Emancipation is never presumed, it must be proved

and may be express or implied from the father's conduct and the surrounding circumstances. 20 R. C. L. 609. The evidence shows that until October 10, 1938, the pay checks handed to plaintiff were drawn in his name; that, since 1935, prior to the execution of the lease, by virtue of an understanding with his father, and during all the period of his employment with the Corporation, plaintiff paid for his board and room at home and paid all his own bills; and that neither his father nor his mother contributed in any way to his support or maintenance. The plaintiff, therefore, under the rule in Illinois was not simply a licensee to work, as defendant contends, but was emancipated at the time the lease was executed and during his employment with the Corporation. *Panther Creek Mines v. Industrial Commission*, 296 Ill. 565; *Auburn & A. Coal Co. v. Industrial Commission*, 296 Ill. 568.

The points urged by defendant as to estoppel operating against the father's right to emancipate and as to restrictions upon that right, need not be discussed since we have concluded that plaintiff was emancipated prior to the execution of the lease and while he worked for the Corporation. There is no evidence that the emancipation was revoked but, on the contrary, the evidence shows that both the Corporation and the father dealt with plaintiff as emancipated, the former paying him his wages in his own name and the latter permitting him to control those wages and support himself.

The right of a parent to the earnings of a child terminates when his duty to support that child has ceased, and accordingly, in this case the father had no right to plaintiff's wages after the latter was emancipated. *Magee v. Magee*, 65 Ill. 255. It is unnecessary because of the conclusions hereinabove reached to consider the point raised by the defendant that the father may contract with reference to the future earnings of his unemancipated minor son. That point is interesting but is not involved here.

The defendant's remaining contention is that the Corporation was acting as agent for Alonzo Mather and that after it received the money it deposited the same in Mather's personal account and, therefore, the plaintiff in any event cannot recover against the Corporation. Under the circumstances here Mather had no right to plaintiff's wages by virtue of the lease. If he accepted part of plaintiff's wages under a purported implied agreement with him, Mather took the risk that the plaintiff might later repudiate such agreement as he had the right to do, despite his emancipation (*Wuller v. Chuse Grocery Co.*, 241 Ill. 398), and as he did by filing this suit.

A study of the relationship between the Corporation and Mather shows that it is very close, for we find in the evidence that an officer of the Corporation negotiated the lease but Mather owned the land; that the Corporation employed the plaintiff, but that Mather had an influence upon its selection of employees; that the Corporation collected the money from plaintiff but deposited it in Mather's personal account. The Corporation, as agent, had no greater right than, and took the same risk as, Mather with reference to plaintiff's wages. Its officers knew plaintiff was a minor while he was its employee; knew he had a right then to rescind his contracts later and under the facts in this case even though the Corporation paid the money over to Mather, its disclosed principal, it cannot escape its liability through the defense of agency. (Restatement of Agency, ch. 11, sec. 339, par. f, subpar. 3.)

It is the policy of this State that courts should guard carefully the rights of minors. *Waechter v. Industrial Commission*, 367 Ill. 256.

For the reasons herein given the judgment of the municipal court is affirmed.

*Judgment affirmed.*

Burke, P. J., and Hebel, J., concur.