## FLEMING et al. v. WABASH R. CO.
### No. 781–D.

United States District Court
E. D. Illinois.

Oct. 7, 1948.

Frank L. Wolf, of Sullivan, Ill., for plaintiffs.

Frank J. Gollings, of Decatur, Ill., and Jones, Sebat, Stipp & Swanson, of Danville, Ill., for defendant.

LINDLEY, Chief Judge.

Defendant moves to strike the complaint as to Thomas Fleming because it does not set forth a cause of action in favor of Thomas Fleming against defendant, and does not specify sufficiently damages suffered by plaintiff Thomas Fleming. The motion is in essence a motion to dismiss the complaint as to Thomas Fleming and will be treated as such.

■ Though the complaint is perhaps not a model of good pleading, I deem it sufficiently specific to withstand the motion. Plaintiff Thomas Fleming is the father of plaintiff William Fleming, the injured party. Chapter 68, Section 15, Ill.Rev. Stats., makes the father liable for "family expenses." This statute, of which I take judicial notice, has been construed to include "medical expenses." The complaint contains the following averments. "By means of and as the proximate result of defendant's negligence the plaintiffs were injured and damaged as hereinafter alleged." "And because of said injuries, plaintiffs expended and became liable for large sums of money for ambulance service, doctors, surgery, nursing care and attention in and about endeavoring to cure the said William Fleming."

■ Inasmuch as there need be no averment that the child was not emancipated for "Emancipation is never presumed, it must be proved * * *." Zozaski v. Mather Stock Car Co., 312 Ill.App. 585, 588, 38 N.E.2d 825, 826, we know that, under the Illinois law, plaintiff Thomas Fleming was liable for the medical expenses of his minor son, and are informed by the complaint that he "expended and became liable for large sums of money for doctors, surgery, nurses, etc." This seems to be enough to state a cause of action under the Federal Rules of Civil Procedure, "Under the Federal Rules of Civil Procedure detailed pleading is seldom required. According to the illustrative form of a Complaint for Negligence, 28 U.S.C.A. following section 723c, Appendix of Forms, Form 9, it is only necessary to allege that defendant acted negligently and that as a result the plaintiff was injured." Watson v. World of Mirth Shows, D.C.Ga., 4 F. R.D. 31, 32. Here, the complaint alleges negligence on the part of defendant and asserts that plaintiff Thomas Fleming was injured and damaged thereby in that he incurred, became liable for and paid large sums of money for medical expenses for his son. I think the complaint states a cause of action in behalf of Thomas Fleming.

The motion is denied.