MARY MURPHY et al., Plaintiffs, *v.* ROBERT MURPHY, Defendant.

Supreme Court, Special Term, Madison County, July 26, 1954.

*Robert L. Duell* for defendant.

*Frederick J. Meagher* for plaintiffs.

ZELLER, J. An action for personal injuries resulting from nonwillful negligence may not be maintained by an unemancipated child against his parent. (*Cannon* v. *Cannon,* 287 N. Y. 425; *Sorrentino* v. *Sorrentino,* 248 N. Y. 626.) The reason for

the rule is to prevent the injection of disruptive litigation into family unity. When close unity ceases to exist, the reason for the rule disappears and the rule itself is not applicable. Consequently, an emancipated child may maintain a cause of action against his parent for injuries sustained through the alleged nonwillful negligence of his parent.

Emancipation of a child may result from an expressed parental consent or it may occur by operation of law. It may occur by operation of law by conduct of the parent inconsistent with the performance of his parental obligations or by the assumption by the infant of a status inconsistent with subjection to control by his parent. (67 C. J. S., Parent and Child, §§ 87, 89.) Examples of conduct so inconsistent with the performance of parental obligations as to imply emancipation are abandonment of a child by his parent (*Town of Plainville* v. *Town of Milford,* 119 Conn. 380), degradation of a parent to such an extent that a child could not live with him in decency (*Nicholas* v. *Harvey & Hancock,* 206 Ky. 112) and ordering a child to leave his home and get another home (*Smith* v. *Gilbert,* 80 Ark. 525).

The infant plaintiff in this action was four years of age when he was injured as the result of a collision between an automobile in which he was riding and one driven by his father, the defendant herein. The infant plaintiff, alleging that he was emancipated from his father and that the collision between the two vehicles was caused by his father's negligence, has brought this action to recover damages. By motion, the defendant seeks an order granting summary judgment dismissing the complaint on the ground that the infant plaintiff is not emancipated from him.

There is no irreconcilable conflict in the material facts stated in the various affidavits submitted but there is a dispute concerning the inferences to be drawn from the facts. The undisputed facts disclosed by the affidavits and material to the disposition of the motion are summarized herein.

On May 12, 1953, the defendant and his wife, Mary Murphy, the mother of the infant plaintiff, separated and the infant plaintiff has since resided with his mother. Prior to the separation, the defendant had been intoxicated on many occasions, had used vile language in his wife's presence and the presence of the infant plaintiff, had struck his wife and the infant plaintiff on many occasions, had been arrested three times for assault, and had committed adultery. For several months before the separation he had demonstrated no parental affection for his son. Almost four months following their actual separation and on

September 3, 1953, the defendant and Mrs. Murphy entered into a written agreement whereby they agreed to continue to live separate and apart and agreed to continue custody of the infant plaintiff with Mrs. Murphy subject to rights of visitations by the defendant. In addition, the defendant agreed to pay $10 each week thereafter toward the support of the infant plaintiff. However, from the time of the actual separation until several weeks after the accident, the defendant contributed nothing for the support of the infant plaintiff. Proof was presented in an uncontested divorce action on the day following the execution of the separation agreement. The adultery of the defendant was established and a decree granted to Mrs. Murphy which incorporated in it the support provision of the separation agreement. Later in the day, the defendant visited at the home of Mrs. Murphy and the infant plaintiff, an argument occurred and the defendant assaulted Mrs. Murphy. Mrs. Murphy accompanied by the infant plaintiff entered her automobile and began to drive to a magistrate to lay an information for the arrest of the defendant. The defendant followed in his automobile and on the way the two vehicles collided and the infant plaintiff was injured.

The defendant contends that the foregoing facts cannot justify an inference that the infant plaintiff was emancipated from him. That contention cannot be sustained. The habits and conduct of the defendant and his treatment of the infant plaintiff prior to the separation, his failure to contribute to the support of the infant plaintiff from the separation until after the granting of the interlocutory judgment of divorce and his lack of control and supervision over the infant plaintiff since the separation could justify — although such facts would not compel — a finding that his conduct was so inconsistent with his parental obligations as to emancipate the infant plaintiff from him. Such a finding would be justified despite the fact that five weeks after the granting of the interlocutory judgment of divorce the defendant began to make weekly contributions toward the support of the infant plaintiff. Those payments and the reason for making them need only be considered as part of the relationship between the defendant and the infant plaintiff and do not require a finding that the infant plaintiff was unemancipated from the defendant if all parts of the relationship considered together establish emancipation.

Where the evidence on the issue is in conflict or where different inferences may be drawn from the evidence, whether a child

has been emancipated is a question of fact.   Here the undisputed facts are subject to different inferences and the choice between the inferences should be made at a trial and not on a motion for summary judgment.   An order may be submitted denying the motion.