Nicholas M. Pette, J.
This is a motion for an order dismissing the cause of action on behalf of the infant plaintiff, Kathaleen E. Gallagher, by her guardian ad litem, Eileen Kenny, for personal injuries that said infant is alleged to have sustained while a passenger in the automobile owned and being operated by her father, the defendant, at the time of the accident, on the ground that said infant was an unemancipated infant and as such does not have legal capacity to sue her father, or, in the alternative, for an order referring the question of whether said infant was unemancipated at the time of the accident to an Official Referee of this court to hear and determine that issue.
In Cannon v. Cannon (287 N. Y. 425) the Court of Appeals held that an action for personal injuries resulting from non-willful negligence may not be maintained by an unemancipated child against his parent upon the doctrine that to permit such an action would inject disruptive litigation into family unity. The reason for this rule has been said to disappear and the rule is not applicable when close family unity ceases to exist. (Murphy v. Murphy, 206 Misc. 228.)
From the affidavits submitted on this motion, it appears that there is an issue of fact as to whether the infant plaintiff was emancipated or unemancipated at the time of the accident, and where facts are at issue as to said infant’s legal capacity to sue, defendant’s motion to dismiss the complaint on that ground would be barred. (Gottfried v. Gottfried, 269 App. Div. 413.)
*428 The court is of the opinion that the issue of emancipation or unemancipation should be determined before trial and that in the interests of orderly procedure and a minimum of confusion of issues, that issue should be heard and determined by an Official Referee of this court. Accordingly, defendant’s motion to dismiss said infant’s cause of action is denied, and defendant’s alternative motion for an order referring the question of whether said infant was or was not emancipated at the time of the accident is referred to an Official Referee of this court to hear and determine said issue.
Settle order on notice.