**Marian WURTH, By Harry Gershenson, Her Next Friend, Appellant,**

v.

**John S. WURTH, Respondent.**

**No. 47070.**

Supreme Court of Missouri.

En Banc.

March 9, 1959.

Rehearing Denied April 13, 1959.

Harry Gershenson, St. Louis, for appellant.

Rene J. Lusser, Lusser, Morris & Burns, St. Louis, for respondent.

WESTHUES, Judge.

Plaintiff Marian Wurth, by Harry Gershenson, her next friend, filed this suit against her father, defendant John S. Wurth, to recover $25,000 as damages for personal injuries alleged to have been sustained through the negligence of the defendant. A trial before a jury resulted in a verdict for plaintiff in the sum of $5,700. The trial court sustained defendant's motion to set aside the verdict and to enter judgment for the defendant. From the judgment entered, plaintiff appealed to the St. Louis Court of Appeals which court affirmed the judgment of the trial court. Mo.App., 313 S.W.2d 161. This court ordered the case transferred here for determination.

The trial court set aside the verdict for plaintiff and entered a judgment for the defendant on the theory that plaintiff was a minor and had not been emancipated at the time she was injured and that therefore she could not maintain a suit in tort against her father. That is the principal question briefed and the point for our de-

termination is whether the evidence was sufficient to support a finding that plaintiff had been emancipated. The question was submitted to a jury and by the verdict it found for the plaintiff.

Defendant, in the brief, did not question the sufficiency of the evidence to sustain a finding that plaintiff was injured as a result of his negligence. A brief statement of the evidence therefore will be sufficient. Plaintiff was, on January 9, 1953, employed by the Bell Telephone Company and worked at the office located at 2317 South Grand Avenue, St. Louis, Missouri. On the morning of that day, defendant, as was his habit, took plaintiff to work. The streets were icy in spots and some streets were pretty well covered with ice. Plaintiff admonished defendant not to drive so fast because of the icy condition. Shortly thereafter, the car went into a spin and struck a lamp post. Plaintiff was thrown from the car and was injured. This suit was filed to recover damages to compensate her for her injuries.

Plaintiff's evidence to sustain her claim that she had been emancipated supports the following statement of facts: Plaintiff, when 19 years of age, began to work for the Bell Telephone Company. This was about a year and a half before she was injured. Plaintiff retained her wages and paid for her clothing, her medical and doctor bills, paid her parents for board and room, and, in general, paid all of her own bills. After she was injured, she paid the hospital bills, one of which amounted to $327.45. She had not paid all of the expenses incurred by reason of the injuries she received, but she was personally obligated to pay for them. There was no evidence that plaintiff's parents paid for any of her needs after plaintiff started working at the Bell Telephone Company nor is there any evidence that the parents assumed any obligation on her behalf after plaintiff began working.

The defendant offered no evidence and it may be inferred that the parents acquiesced and agreed that plaintiff should retain all of her wages and pay her own way.

Defendant, in the first point briefed, asserts that the trial court ruled correctly in entering judgment for defendant because an unemancipated minor cannot sue his parents by reason of an unintentional tort. We may concede that to be the rule. We so held in a case cited by the defendant where the question was reviewed at some length. Baker v. Baker, 364 Mo. 453, 263 S.W.2d 29.

Defendant also says in another point that the burden of proof rests upon the party asserting emancipation, in this case, the plaintiff. That may also be conceded to be the correct rule. Beebe v. Kansas City, 223 Mo.App. 642, 17 S.W.2d 608, loc.cit. 612(9, 10); 67 C.J.S. Parent and Child § 90, p. 816.

Defendant, in briefing the principal question before us, says that the trial court ruled correctly in entering judgment for the defendant because "there was a failure of proof, by competent, credible and sufficient evidence that plaintiff was a completely emancipated minor on the date of her casualty." As to the quantum of proof necessary to establish voluntary emancipation, we note and quote excerpts from 67 C.J.S. Parent and Child § 88, pp. 812–814, as follows: "The intention of the parent to emancipate the child may be expressed either in writing or orally, or it may be implied from his conduct or from other circumstances. * * * Emancipation may also be implied by the parent's acquiescence in his child's working for others, receiving its pay therefor, and spending the money as it pleases." It may be noted that, generally speaking, the parents must consent or agree that a minor child be emancipated and unless the parents so give their consent, the child retains the status of an unemancipated minor.

Plaintiff in this case sued her father, the defendant, on the theory that she had been emancipated. Plaintiff offered

evidence to sustain her claims, the substance of which we have heretofore stated. In our opinion, the facts proven are sufficient to sustain a finding that plaintiff had been emancipated. The evidence of plaintiff was not contradicted by any circumstance or any evidence of the defendant.

The Supreme Court of Errors of Connecticut had before it a case very similar to the one before us in Wood v. Wood, 135 Conn. 280, 63 A.2d 586. The plaintiff in that case sued her father in a personal injury action alleging that she had been injured through her father's negligent operation of a car in which she was a passenger. Her evidence as to emancipation was about the same as plaintiff's evidence in the case at bar. There is this difference: in the Wood case, the minor did not pay her parents anything for her board while in the case at bar, the plaintiff did pay board. This fact, we think makes a stronger case for Marian Wurth than for plaintiff in the Wood case. The Connecticut court, in the course of the opinion, 63 A.2d loc.cit. 588(4), said, "These facts afford strong support for an inference of emancipation, as is shown by many authorities, of which we mention but a few. (Citation of cases omitted.) These authorities indicate that as a general rule the fact that a child has entered into a relation which is inconsistent with the idea of his being in a subordinate situation in his parent's family is sufficient to effect an emancipation. 39 Am.Jur. 704."

In the case of Zozaski v. Mather Stock Car Co., 312 Ill.App. 585, 38 N.E.2d 825, the evidence as to emancipation was that a minor son employed by the defendant company had paid board and room at his home and paid all of his own bills and that neither his father nor his mother contributed in any way to his support or maintenance. The court held the son was emancipated. 38 N.E.2d loc.cit. 826(2-4).

The opinions in the Connecticut and Illinois cases disclose that the court in each case considered cases from other jurisdictions and cited such cases as supporting their decisions. The general rule is that the question of emancipation under conflicting evidence is for a jury. Wood v. Wood, supra, 63 A.2d 588(6, 7). Missouri cases have followed that rule. Brosius v. Barker, 154 Mo.App. 657, 136 S.W. 18; McMorrow v. Dowell, 116 Mo.App. 289, 90 S.W. 728; Dierker, to Use of Shoemake v. Hess, 54 Mo. 246.

Defendant cited the case of Swenson v. Swenson, Mo.App., 227 S.W.2d 103, 20 A.L.R.2d 1409. That case involved the question of whether a minor is emancipated by enlisting in the military service with the consent of his parents. The Court of Appeals said he was. In the case of Beebe v. Kansas City, supra, a father sued the defendant for damages sustained by his son. One of the defenses presented on appeal was that the son had been emancipated. The Court of Appeals held that in such cases emancipation, if relied on as a defense, must be pleaded; that it was not so pleaded, and therefore the defendant could not take advantage of such a defense. The court commented that the consent of a father that his son should retain his wages was but a license and could be revoked. 17 S.W.2d loc.cit. 612(9, 10). The question of emancipation was not presented as an issue in the case.

We rule that the evidence in the case before us justified the submission of emancipation to a jury. The jury found this issue for the plaintiff.

The order of the trial court sustaining defendant's motion to set aside the verdict and judgment in plaintiff's favor and to enter a judgment for the defendant and the order of the trial court entering a judgment for the defendant are hereby set aside with directions to the trial court to reinstate the verdict of the jury and to enter judgment thereon in plaintiff's favor as of the date of the verdict.

It is so ordered.

HOLLINGSWORTH, C. J., and HYDE, STORCKMAN, and DALTON, JJ., concur.

EAGER, J., dissents.

LEEDY, J., dissents and adopts opinion of St. Louis Court of Appeals as his dissenting opinion.