Stephanie BAHR, a Minor, by Joyce Bahr, Her Next Friend, Plaintiff-Appellant,

v.

Matthew BAHR, Defendant-Respondent.

No. 56049.

Supreme Court of Missouri, Division No. 2.

April 10, 1972.

James E. Hullverson, Hullverson, Richardson & Hullverson, St. Louis, for plaintiff-appellant.

John G. Doyen, Carter, Brinker & Doyen, Clayton, for defendant-respondent.

DONNELLY, Judge.

This is an action for damages involving the parental immunity rule.

Plaintiff Stephanie Bahr, four years of age in 1969, is the daughter of Joyce Bahr and Matthew Bahr.

On November 29, 1967, Joyce Bahr and Matthew Bahr were divorced. Joyce Bahr was given custody of Stephanie. Matthew Bahr was given a right of reasonable visitation.

On April 7, 1968, while on the premises of her grandmother, Ruby Bahr, Stephanie was burned by a barbecue grill fire.

On October 29, 1968, Stephanie, by her mother as next friend, brought suit against Ruby Bahr and Matthew Bahr.

On August 28, 1969, defendants' motion to dismiss was submitted to the trial court. The motion was overruled as to Ruby Bahr and sustained as to Matthew Bahr. Plaintiff then dismissed without prejudice as to Ruby Bahr and appealed to this Court from dismissal of her claim against Matthew Bahr. This opinion is written on reassignment.

In her petition, plaintiff stated her claim against her father, Matthew Bahr, as follows:

"Plaintiff states that on the occasion hereinabove mentioned, while in the joint or sole control and custody of her father, she was caused to come in contact with and be burned by a barbecue grill fire as a direct result of this defendant's negligence in the following respects, to-wit:

A. Defendant negligently failed and omitted to maintain a lookout on plaintiff's behalf.

B. Defendant negligently lit a barbecue fire at a time when plaintiff was so close that she was likely to come in contact with flames therefrom.

C. Defendant negligently failed and omitted to warn plaintiff away from the barbecue pit at a time when he was lighting it or pouring gasoline on it.

D. Defendant negligently used gasoline in an effort to light or cause to burn faster the barbecue fire referred to instead of a less combustible material.

E. Defendant negligently poured gasoline on a barbecue fire at a time when the plaintiff was so close that it was likely to flare up and cause her to be burned."

Plaintiff poses the question at issue on this appeal as "whether or not Missouri should continue to adhere to the doctrine that a parent is immune from liability in tort for simple negligence to his unemancipated minor child."

In 59 Am.Jur.2d, Parent and Child, § 151, it is said: "Although it is at least doubtful whether there was any such rule at common law, and the earliest American decisions gave some support to the idea of liability, at least in certain cases, an 1891 Mississippi decision [Hewellette v. George, 68 Miss. 703, 9 So. 885] has been extensively followed in other jurisdictions, giving rise to a long line of cases holding that an unemancipated minor cannot maintain a tort action against his parent. The theory of these cases seems to be that of disability to sue the parent, rather than absence of violated duty. And the family immunity rule implements a public policy protecting family unity, domestic serenity, and parental discipline. It has been observed that preservation of the parent's right to discipline his minor children has been the basic policy behind the rule of parental immunity from tort liability."

In Baker v. Baker, 364 Mo. 453, 458, 263 S.W.2d 29, 32 (1953), an unemancipated minor sued her father for damages for

injuries received when he backed his automobile out of the driveway at the home and struck her, and this Court said: "In no case cited and reviewed has a court held that an unemancipated minor child may recover in a tort action against its parents where the action is based on mere negligence. In each case where a suit by a child against a parent was maintained, the court found some reason to make an exception. For example, the situations presented wilful, malicious conduct, master and servant relationship, or parent engaged in business venture. We, by this opinion, do not intend to approve or disapprove any of the particular cases referred to in this opinion. What we do hold is that plaintiff's suit in this case cannot be maintained for the reason that to do so would be against public policy."

In Wurth v. Wurth, Mo., 322 S.W.2d 745 (1959), an emancipated minor sued her father for damages for injuries received when an automobile operated by him, and in which she was a passenger, struck a lamp post. This Court held she could maintain the action.

In Brennecke v. Kilpatrick, Mo., 336 S.W.2d 68, 70 (1960), an unemancipated minor sued the estate of her deceased mother for damages for injuries received when an automobile operated by her mother, and in which she was a passenger, struck a gravel truck. This Court held she could maintain the action, and referred to the *Hewellette* rule as follows: "The rule is not an absolute one as indicated in the Baker case, but generally exists or is adhered to only when the court concludes that to hold otherwise would seriously disturb the family relations and thus be contrary to public policy. The immunity of the parent usually has been predicated upon the premise that to allow such an action against a parent would either disrupt the tranquility of the domestic establishment or subvert parental control and discipline."

We have available at least four alternatives: (1) abolish the parental immunity rule generally [e. g., Gelbman v. Gelbman, 23 N.Y.2d 434, 297 N.Y.S.2d 529, 245 N.E.2d 192; Cf. Abernathy v. Sisters of St. Mary's, Mo., 446 S.W.2d 599]; (2) abolish the parental immunity rule generally but delineate certain areas where immunity should remain [e. g., Goller v. White, 20 Wis.2d 402, 122 N.W.2d 193]; (3) abolish the parental immunity rule generally but apply to a parent's conduct a standard "of reasonableness, but viewed in light of the parental role" [e. g., Gibson v. Gibson, 3 Cal.3d 914, 92 Cal.Rptr. 288, 479 P.2d 648, 653]; or (4) retain our *Brennecke* position and, on the basis of the particular facts and circumstances in each case, adhere to the *Hewellette* rule "only when the court concludes that to hold otherwise would seriously disturb the family relations and thus be contrary to public policy." We consider the *Brennecke* position sound and decline the opportunity to abandon it.

We are of the opinion that, on the basis of the present posture of this case, the holding in *Baker,* supra, controls. However, we believe plaintiff should be given the opportunity to present evidence and attempt to show (1) that she was emancipated and entitled to recover under *Wurth,* supra (Cf. Murphy v. Murphy, 206 Misc. 228, 133 N.Y.S.2d 796; and St. Croix v. St. Croix, 17 A.D.2d 692, 229 N.Y.S.2d 969); or (2) that, under *Brennecke* for reasons other than that she is emancipated, the *Hewellette* rule should not apply.

The judgment is reversed and the cause remanded for trial.

All of the Judges concur.