**Preston B. KIEFER, a minor, by his next friend Michelle Pierce, Plaintiff-Appellant,**

**v.**

**John H. KIEFER, Defendant-Respondent.**

**No. 9260.**

Missouri Court of Appeals, Springfield District.

June 29, 1973.

Motion or Rehearing or to Tranfer Denied July 23, 1973.

Appeal to Transfer Denied Sept. 10, 1973.

Malcolm L. Robertson, Blanchard, Van Fleet, Robertson & Dermott, Joplin, for plaintiff-appellant.

Michael D. Talley, Thomas & Talley, Joplin, for defendant-respondent.

STONE, Judge.

Plaintiff, Preston B. Kiefer, a minor, by his natural mother and next friend, Michelle Pierce (formerly Kiefer), instituted this action on February 14, 1972, against his natural father, defendant John H. Kiefer, to recover damages in the sum of $200,000 for personal injuries sustained in and as the result of an accident in Jasper County, Missouri, on October 14, 1970, in which an automobile driven by defendant, in which plaintiff was riding, left the paved roadway and overturned. On March 14, 1972, defendant's motion to dismiss plaintiff's petition for failure to state a claim upon which relief could be granted was sustained and the court entered judgment dismissing the cause with prejudice, from which judgment plaintiff has perfected this appeal.

By the petition we are informed that, although defendant is the natural father of plaintiff, defendant and plaintiff's mother were divorced by decree of the Circuit Court of Jasper County on December 12, 1969, some six and one-half months prior to plaintiff's birth on June 28, 1970; that the decree of divorce contained no provision pertaining to the custody or support of plaintiff, who since birth has been continuously in the sole and exclusive custody of his mother and has never resided in the same household with defendant; and that plaintiff's mother had remarried and, at the time suit was instituted, plaintiff was residing in the household of his stepfather and mother.

Although the judgment under review was entered and notice of appeal therefrom was filed prior to April 10, 1972, when the opinion in Bahr v. Bahr, 478 S. W.2d 400 (Mo.1972), was handed down, the appellate briefs of capable counsel for both parties were prepared with that opinion before them. "While agreeing generally with the end result" in *Bahr,* supra,

## 852

*counsel for plaintiff-appellant* here "contend the better approach is to abrogate the immunity entirely" and "are asking this court to hold, as a matter of law, that under the facts set forth in the petition, the Hewellette rule [Hewellette v. George, 68 Miss. 703, 9 So. 885] does not apply because family relations would not be seriously disturbed by the lawsuit. . . . In the alternative, plaintiff further suggests that he is entitled to an evidentiary hearing to demonstrate that the reasons for the parental immunity doctrine do not apply to this case." On the other hand, *counsel for defendant-respondent* are in accord with opposing counsel only to the extent (as they put it) that "the decision in *Bahr* . . . was ill-conceived," an opinion which they undertake to support and justify in a well-reasoned argument of moderate tone and tenor terminating in their conclusion "that the facts stated in plaintiff's petition are insufficient as a matter of law to preclude the application of the parental immunity doctrine and the petition, therefore, does not state a cause of action."

Putting aside the divergent arguments of counsel, we eschew their invitation to enter upon a discussion of the parental immunity doctrine which, on this appeal, would be inutile and, in our inferior appellate status, perhaps a work of superarrogance. For we are satisfied that *Bahr* is applicable and controlling; and, as in *Bahr,* supra, 478 S. W.2d at 402, "[w]e are of the opinion that, on the basis of the present posture of this case, the holding in *Baker* [364 Mo. 453, 458, 263 S.W.2d 29, 32 (1953)] controls. However, we believe plaintiff should be given the opportunity to present evidence and attempt to show (1) that she was emancipated [1] and entitled to recover under *Wurth* [322 S.W.2d 745 (Mo. banc 1959)] . . . or (2) that, under *Brennecke* [336 S.W.2d 68, 70 (Mo. banc 1960)] for reasons other than that she is emancipated,

---

1. We confess our inability at this stage of the litigation to envision a showing that instant plaintiff, in the tender months

the *Hewellette* rule should not apply." Still tracking *Bahr,* without more precise or delimiting instructions to the court nisi, "[t]he judgment is reversed and the cause remanded for trial."

TITUS, C. J., and HOGAN, J., concur.

BILLINGS, J., not participating because not a member of the court when this cause was submitted.

(less than four) of infancy at the time of accident, could have been legally emancipated.