EARL CONRAD *et al.*, Plaintiffs-Appellants, *v.* LUTHER DICKERSON *et al.*, Defendants-Appellees.

(No. 73-396;

Second District (2nd Division)—September 17, 1975.

Ralph Gust, Jr., of Lombard, for appellants.

No appearance for appellees.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiffs brought this appeal after a small claims proceeding in which the trial court dismissed their cause. Although defendants have failed to file a brief, we will not reverse *pro forma* but, instead, look to the merits of the case.

Facts gained from a bystanders' record indicate that plaintiffs' son, Douglas, and defendants' son, Brett, were 14-year-old schoolmates. After playing a game of badminton in gym class, the two boys spoke together and Brett, assertedly without provocation, struck Douglas in the mouth knocking out his right central and right lateral incisors.

Douglas was the only witness to testify during the proceeding. Defendants did not object to the admission of the sole exhibit, a doctor's statement describing Douglas' treatment and the related fees. At the close of plaintiffs' case, the trial court entered judgment on behalf of defendants, holding that plaintiffs had failed to prove that Brett was not emancipated at the time of the occurrence. Plaintiffs' motion to reopen the case for further proofs was denied.

The relatively new and uninterpreted statute, section 3 of the Parental Responsibility Law (Ill. Rev. Stat. 1971, ch. 70, § 53), states:

> "The parent or legal guardian of an unemancipated minor who resides with such parent or legal guardian is liable for actual damages for the wilful or malicious acts of such minor which cause injury to a person or property."

Emancipation may not be presumed but must be expressly or impliedly proven. (*Zozaski v. Mather Stock Car Co.*, 312 Ill.App. 585, 588-89 (1942).) Therefore, the burden was on the defendants to allege and prove, as an affirmative matter, that Douglas was in fact emancipated. This the defendants failed to do.

The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

RECHENMACHER, P. J., and DIXON, J., concur.